STATE of Missouri, Respondent,

v.

**Albert E. NORWOOD, Appellant.**

**Nos. 48715, 50785.**

Missouri Court of Appeals,
Eastern District,
Division Two.

Nov. 12, 1986.

Motion for Rehearing and/or Transfer
Denied Dec. 10, 1986.

Application to Transfer Denied
Jan. 13, 1987.

William J. Shaw, Public Defender, Mary Dames Fox, Asst. Public Defender, Clayton, for appellant.

William L. Webster, Atty. Gen., Jefferson City, for respondent.

DOWD, Judge.

Defendant appeals from his conviction of second degree felony murder. We affirm.

The relevant facts are as follows. On January 8, 1983, the Pine Lawn police, with assistance from officers of neighboring municipalities, executed a search warrant for a Pine Lawn residence owned by appellant. Appellant lived at the residence with a friend Vincent Sargent. The residence had been under police surveillance and

known drug users were observed entering the premises. An informant had told police there were sales of wac (marijuana laced with PCP) and marijuana at the residence.

During execution of the warrant, it became necessary to force the door with an iron bar, when requests by police for admittance were ignored. Detective-Sergeant Charles James of the Pine Lawn Police Department was shot in the head as he attempted to make his way through the doorway. Detective James later died as a result of the gunshot wound. Vincent Sargent was identified as the man who fired the fatal shot.

Upon a search of the residence, appellant was found in a bedroom. Police testified that as they entered the room, appellant reached for a weapon in his waistband and a scuffle ensued. Appellant was eventually restrained and removed from the residence.

A .38 caliber colt revolver was taken from appellant and a .22 caliber revolver, the murder weapon, was recovered from Vincent Sargent. Both weapons were reported stolen from a St. Charles gun shop. A search of the premises produced the following: a pill bottle containing ten whole and four-half Valium tablets and two Darvon tablets, a small amount of marijuana laced with PCP, and a large plastic bag containing 423 grams of marijuana. The large plastic bag containing marijuana was found in the kitchen pantry.

Appellant was charged with second degree felony murder, the underlying felony being possession of over thirty-five grams of marijuana. In addition, appellant was charged with receiving stolen property, possession of Valium, possession of Darvon, and possession of PCP. On October 26, 1983, appellant was found guilty of second degree felony murder and receiving stolen property but was found not guilty on the three charges for possession of narcotics.

Evidence in support of the verdict of guilty for second degree felony murder included testimony by a police informant, an admitted prostitute. Her testimony attrib-uted knowledge of the presence of marijuana to appellant.

The informant testified she had previously purchased marijuana from Vincent Sargent and had smoked wac with him. At the request of police officers, the informant went to appellant's residence to attempt to purchase marijuana. Appellant answered the door, wearing a gun in his waistband. The informant asked for Sargent but was told he was not at home. She told appellant she came to buy some marijuana. The informant testified appellant told her he could not sell her any marijuana because he did not know her.

The last time the informant went to appellant's residence there were people in the house smoking marijuana. On this occasion Sargent introduced her to appellant. The informant testified she saw appellant pick up a plastic container holding marijuana and hand it to some people who then rolled the marijuana and began smoking it.

On November 21, 1983, Appellant filed a motion for new trial. The state filed a memorandum with the court on February 15, 1984 confessing appellant's motion for new trial on grounds there was evidence that defendant did not "knowingly possess" a controlled substance, the underlying felony upon which the felony murder charge was based. The prosecutor never revealed to the trial court what this evidence was.

On February 17, 1984, after trial but before sentencing, the state entered an order of nolle prosequi as to the charge of murder second degree. The state refused to disclose to the court its reasons for entering the order and the court refused to accept it.

Appellant thereafter filed a writ of prohibition with this court. We granted the writ. On April 30, 1985, however, the Supreme Court quashed the writ, concluding a prosecuting attorney does not have exclusive and unrestricted discretion to enter a nolle prosequi after verdict and before sentencing and judgment. *State ex rel. Nor-*

*wood v. Drumm,* 691 S.W.2d 238 (Mo. banc 1985).

On October 21, 1985, the trial court sentenced appellant to fifteen years on the second degree felony murder conviction. The sentence was to run concurrently with the five year sentence received on May 14, 1984 for receiving stolen property, from which judgment appellant separately appealed. Appellant is on parole for the receiving stolen property conviction. Execution of sentence was suspended as to the felony murder count and appellant was placed on probation for three years. Appellant challenges only his conviction for felony murder second degree and abandons his appeal as to the receiving stolen property conviction. That portion of his appeal is hereby dismissed.

 In his first allegation of error, defendant contends the state failed to make a submissible case on the underlying felony, possession of over thirty-five grams of marijuana, upon which the charge of murder in the second degree was based. In assessing the sufficiency of the evidence, "we accept as true all evidence whether circumstantial or direct, tending to prove defendant guilty together with all reasonable inferences supportive of the verdict." *State v. Brooks,* 618 S.W.2d 22, 23 (Mo. banc 1981). Those portions of the record contrary to the verdict are disregarded as our function is not to weigh the evidence but rather to determine whether there was sufficient evidence from which reasonable persons could have found defendant guilty. *Id.* The "testimony of a single witness may be sufficient to constitute substantial evidence to make a submissible case." *State v. Williams,* 652 S.W.2d 102, 111 (Mo. banc 1983).

 To sustain a conviction for possession of a controlled substance under § 195.-020, RSMo Supp.1982, the state has the burden of proving defendant "knowingly" and "intentionally" possessed the proscribed substance and that defendant was aware of the presence and nature of the substances in question. *State v. Barber,* 635 S.W.2d 342, 343 (Mo.1982). "Posses-

sion may be proved by circumstantial evidence, and knowledge may be inferred therefrom." *State v. Brown,* 683 S.W.2d 301, 303 (Mo.App.1984). Where actual possession is not shown, constructive possession will suffice even where joint control exists, as long as other facts buttress an inference that defendant had knowledge of the presence of the controlled substance. *State v. Dethrow,* 674 S.W.2d 546, 550 (Mo. App.1984). Exclusive control of the premises where controlled substances are found raises an inference of possession of the substances. If there is joint control, however, "some further evidence is necessary to connect the accused with the drugs." *Barber, supra,* at 343–44.

 The plastic bag containing 423 grams of marijuana was found in the kitchen pantry of the house owned by appellant. Vincent Sargent was also living at the residence in January 1983, so appellant was not in exclusive control of the premises. Had the jury, however, whose duty it is to decide how much credence to give testimony, decided to believe the police informant, her testimony alone was sufficient to support the verdict.

The evidence showed appellant owned the residence, he handled marijuana there on prior occasions, he was present when marijuana was used at his residence, and he indicated he would sell marijuana if he knew the customer. Given our standard of review, that all evidence tending to prove defendant guilty is considered true, the testimony of the police informant was sufficient to make a submissible case. Point one is denied.

In his second point, appellant challenges instruction number five, the instruction for felony murder, on grounds it failed to instruct the jury on the law concerning defendant's responsibility for the conduct of his co-defendant. Appellant contends the instruction was an inaccurate statement of the law and was thereby confusing to the jury and prejudicial to appellant.

The court in instruction number five, instructed the jury in accordance with MAI–

CR2d 15.16, Felony Murder Second Degree. The instruction was slightly modified to submit the joint participation issue.[1] Appellant contends MAI–CR2d 2.12, the instruction addressing responsibility for the conduct of another person, should have been given in conjunction with the instruction for felony murder. Failure to do so, according to appellant, allowed him to be convicted under a much lower standard in that the jury was authorized to return a verdict of guilty upon a simple finding that the co-defendant shot the victim while he and appellant were possessing marijuana.

 The instruction given was not a misstatement of the law. The felony murder rule is a rule of strict liability. *State v. O'Neal,* 618 S.W.2d 31, 38 (Mo.1981). No other mental state on part of defendant need be shown other than to commit or participate in the underlying felony (here possession of marijuana). *Id.* Appellant was not convicted under a lower standard since all the jury needed to find was that Sargent shot the police officer while he and appellant were committing the felony of possession of over thirty-five grams of marijuana.

Note on Use Two, following MAI–CR2d 2.12, states that MAI–CR2d 2.12 should not be used in connection with felony murder, "whether first or second degree," and re-fers the reader to Note on Use Eight. Note on Use Eight states in part:

(b) MAI–CR2d 2.12 is not now designed to submit the criminal responsibility of a defendant for an offense committed by another person when the defendant did not participate in or contemplate such offense.

. . . . .

The basis and extent of such responsibility and instructions for submitting the same must be developed on a case-by-case basis.

The typical challenge to the felony murder instruction is prejudice from the inclusion of MAI–CR2d 2.12 within the felony murder instruction. *See State v. Rumble,* 680 S.W.2d 939, 943 (Mo. banc 1984); *State v. O'Dell,* 684 S.W.2d 453, 466 (Mo.App. 1984); *State v. Richardson,* 674 S.W.2d 161, 163–64 (Mo.App.1984). In response to such a challenge, our Supreme Court recently stated that "courts should develop instructions submitting the responsibility of one person for the conduct of another— in felony murder prosecutions—on a case-by-case basis." *Rumble, supra,* at 943.

 The trial court adequately submitted the issue of responsibility for the conduct of another by slightly modifying MAI–CR2d 15.16 and by including MAI–CR2d 2.14 as Instruction Seven.[2] In addi-

---

1. Instruction number five provided as follows:

 As to Count I, if you find and believe from the evidence beyond a reasonable doubt:

 First, that on or about January 8, 1983, in the County of St. Louis, State of Missouri, Vincent Sargent caused the death of Det. Sgt. Charles James by shooting him, and

 Second, that Vincent Sargent did so in committing, *together with the defendant,* the crime of possession of a controlled substance, schedule I, over 35 grams of marijuana,

 then you will find the defendant guilty of murder in the second degree.

 However, if you do not find and believe from the evidence beyond a reasonable doubt each and all of these propositions, you must find the defendant not guilty of that offense.

 A person is guilty of possession of over 35 grams of marijuana if he possesses that amount of marijuana and is aware of the character of the substance and knew that he possessed it.

 If you do find the defendant guilty under Count I of murder in the second degree in connection with possession of over 35 grams of marijuana, you will fix his punishment at imprisonment by the Division of Corrections for a term fixed by you, but not less than ten years nor more than life imprisonment.

 The italicized phrase "together with the defendant" was a modification of MAI CR2d 15.16 to address the joint participation issue.

2. Instruction number seven, MAI–CR2d 2.14, provided as follows:

 In this case you will be instructed that under Count I you may find the defendant either not guilty of any offense or guilty of either murder in the second degree or possession of over 35 grams of marijuana. In that connection you are instructed that when two persons are criminally responsible for an offense which is divided into greater and lesser offenses, each such person is guilty of that offense, greater or lesser, which is compatible

**180**

tion, MAI–CR2d 2.12 was included in Instruction Six, the instruction for possession of over thirty-five grams of marijuana. The prejudicial effect of failure to give an instruction is to be judicially determined. *State v. Holland,* 653 S.W.2d 670, 675 (Mo. banc 1983). "The failure to instruct as required is not prejudicial when, by reading all instructions together, the jury was clearly apprised of the available options." *State v. Boggs,* 634 S.W.2d 447, 455 (Mo. banc 1982). Even if the trial court's modification of the felony murder instruction was deemed inadequate to instruct on responsibility for another's conduct, the instructions when read together informed the jury of the "joint participation" issue. Point denied.

The judgment is affirmed.

SMITH, P.J., and REINHARD, J., concur.

---

with that state of mind with which he acted in commiting the offense.
Note on Use Five to MAI–CR2d 15.00 states that MAI–CR 2.10–2.14 can be used in conjunction

with homicide forms "in an appropriate manner when some other person or persons together with defendant acted as joint participants."