**STATE of Missouri, Respondent,**

v.

**John LOCKHEART, Appellant.**

**No. WD 39209.**

Missouri Court of Appeals,
Western District.

Feb. 23, 1988.

Motion for Rehearing and/or Transfer to
Supreme Court Denied March 29, 1988.

Kevin P. Rotert, Liberty, for appellant.

William L. Webster, Atty. Gen., Scott L. Templeton, Asst. Atty. Gen., Jefferson City, for respondent.

Before KENNEDY, C.J., and NUGENT and BERREY, JJ.

KENNEDY, Chief Judge.

Defendant was convicted upon jury trial of second-degree murder, § 565.021.1(2), RSMo 1986. In pursuance of the jury verdict, he was sentenced to 10 years' imprisonment.

He appeals, claiming instructional error and error in the admission of evidence. We affirm.

Defendant, along with three companions, drove to a public park in Gracemore in the small hours of the morning of January 26, 1986, for a prearranged meeting with David Wayne Carlson. The purpose of the meeting was to continue an altercation between defendant and Carlson which had commenced earlier at a 7-11 store parking lot, and which had been interrupted by the arrival of a police car.

Among the three passengers in defendant's car was Robert Reyes, who was seated in the back seat on the passenger side. Reyes had a shotgun. On their way from the 7-11 store to the park, defendant drove by his (defendant's) house. There is testimony that he secured a shotgun, and other testimony that he already had a shotgun in the car. In any case, he did have a shotgun when they arrived at the park.

When defendant and his companions arrived at the park, Carlson and his four companions were already there. Carlson, who was larger and stronger than defendant, with a reputation as a fighter, challenged defendant to get out of the car, and attempted to open the driver's door. He reached into the driver's open window and was striking defendant.

Reyes, seated in the back seat of defendant's car, thrust his loaded shotgun out the driver's window. Carlson may have seized the barrel and pulled it toward him—but, however it happened, the gun discharged and killed Carlson.

The case against defendant was submitted upon two charges—being an accessory to conventional second-degree murder and being an accessory to second-degree felony murder. The underlying felony of the second-degree felony murder charge was the unlawful use of a weapon, § 571.115, RSMo 1978. He was convicted, as noted, of second-degree felony murder.

Defendant's first point on appeal is that the verdict-directing instruction contained a prejudicially erroneous deviation from MAI 3d 304.04. The verdict-directing instruction, Instruction No. 7, reads as follows:

If you do not find the defendant guilty of murder in the second degree, as submitted in Instruction No. 6, you must consider whether he is guilty of murder in the second degree under this instruction.

If you find and believe from the evidence beyond a reasonable doubt:

First, that Robert Reyes committed unlawful use of a weapon, as submitted in Instruction No. 9, and

Second, that Robert Reyes caused the death of David Wayne Carlson by shooting him, and

Third, that David Wayne Carlson was killed as a result of the perpetration of that unlawful use of a weapon, and

Fourth, that Robert Reyes did not act in lawful defense of another person as submitted in Instruction No. 10, then you are instructed that the offense of murder in the second degree as submitted in this instruction has occurred, and if you further find and believe from the evidence beyond a reasonable doubt:

*Fifth, that with the purpose of promoting or furthering the commission of murder in the second degree the defendant aided or encouraged Robert Reyes in committing that offense,* then you will find the defendant guilty of murder in the second degree, as submitted in this instruction.

... (Italics ours.)

The error, defendant says, is in the paragraph beginning "Fifth", which we have italicized above. He says that it should have hypothesized defendant's purpose to promote and further the commission, not of murder in the second degree, but of the underlying felony of unlawful use of a weapon. He cites cases which hold that the intent required of an accessory in a felony murder case is only the intent to aid or encourage the commission of the underlying felony and not the intent to commit the killing. *State v. Norwood*, 721 S.W.2d 175 (Mo.App.1986); *State v. O'Dell*, 684 S.W.2d 453 (Mo.App.1984). Defendant says that the jury could have understood this paragraph to have the same meaning as the identical paragraph which appeared in the conventional second-degree murder instruction.

■ We conclude, however, that there was no possibility of any jury confusion on this point. Instruction No. 7 in its entirety clearly refers to second-degree felony murder, which is sharply distinguished from conventional second-degree murder submitted by another instruction. In order to convict defendant under Instruction No. 7, the jury was required to find the predicates submitted in paragraph First through Fourth. There is no likelihood, as defendant fears, that they construed paragraph Fifth to mean that defendant's purpose there hypothesized was a purpose to promote and encourage conventional second-degree murder *as submitted in the other instruction.* The instruction does in effect require the jury to find, in order to convict defendant under Instruction No. 7, that defendant promoted and furthered the commission by Reyes of the underlying felony of unlawful use of a weapon.

Defendant's next point is that the court should not have admitted into evidence a "naval survival knife" and a B.B. pistol found in defendant's car at the time of his arrest a short while after the shooting. Defendant was alone in the car at the time. The knife and pistol were on the floor of the car, under, or partially under, the driver's seat. His shotgun was lying on the back seat of his car. (There was no objection to the introduction of the shotgun into evidence.)

Defendant concedes that the knife and B.B. pistol belonged to him, but says that they were not sufficiently linked to the crime to justify their admission into evidence. The cases indicate that a weapon not used in the crime may not be admitted into evidence unless it is sufficiently linked to the defendant (for lack of which this same knife was held to have been erroneously admitted in Reyes' trial, *State v. Reyes*, 740 S.W.2d 257 (Mo.App.1987)); and unless it is relevant to prove some necessary fact—such as defendant's motive or intent. *State v. Evans*, 237 S.W.2d 149 (Mo.1951).

The mere fact that one has a weapon in his possession at the time of his arrest does not entitle the weapon to admission into evidence. *See State v. Martin*, 610 S.W.2d 18, 24 (Mo.App.1980).

Even if the weapon has some relevance to prove some element of the crime, the trial court still must determine that its relevance outweighs its prejudicial effect. *See State v. Gibson*, 636 S.W.2d 956, 958 (Mo. banc 1982). In this determination the court has a very broad discretion. *State v. Burton*, 721 S.W.2d 58, 62 (Mo.App.1986).

■ In this case the court was within his allowable discretion in admitting the knife and the B.B. pistol. It is inferable that defendant had the weapons at the time of the confrontation with Carlson at the park. This possession of the weapons may indicate a purpose shared with Reyes of inflicting serious physical injury upon Carlson, or of committing the offense of unlawful use of a weapon. Thus they had some relevance to show defendant's motive and intent. We cannot convict the trial court of error in admitting them.

The judgment is affirmed.

All concur.