**STATE of Missouri, Respondent,**

v.

**Shirley L. ADKINS, Appellant.**

**No. WD 42821.**

Missouri Court of Appeals,
Western District.

Oct. 16, 1990.

Motion for Rehearing and/or Transfer to Supreme Court Denied Dec. 4, 1990.

Application to Transfer Denied
Jan. 9, 1991.

Roy W. Brown, Kearney, for appellant.

William L. Webster, Atty. Gen., Breck K. Burgess, Asst. Atty. Gen., Jefferson City, for respondent.

Before LOWENSTEIN, P.J., and FENNER and ULRICH, JJ.

FENNER, Judge.

Appellant, Shirley L. Adkins, appeals from her conviction, after trial by jury, for felony possession of over thirty-five grams of marijuana in violation of § 195.020, RSMo 1986. Taken in the light most favorable to the verdict, the evidence was as stated hereafter.

On September 24, 1988, law enforcement officers went to a farm in Daviess County which was owned by appellant and Carl Adams. The officers went to the farm so that they could execute a warrant for the arrest of Carl Adams on a charge of manufacturing marijuana. When the officers arrived at the farm, appellant was standing on an area of bare ground in the area of an "old delivery type van" that was also described as "like a bread truck" or "an old potato chip truck" which appeared to be inoperable and to be used for storage. Also in the area was a Ford pickup truck, a Plymouth pickup truck and a barn.

Appellant and Adams were both placed under arrest and when the officers asked Adams if they could search the Plymouth pickup, he told them that it belonged to appellant. Appellant then consented to a search of the Plymouth pickup which was shown by certificate of title to have been purchased by appellant on January 19, 1987.

Upon searching the truck the officers found a black trash bag containing marijuana behind the seat of the truck. There were also some crumbled leaves and seeds on the seat of the pickup. There was evidence that the truck had a smell of marijuana. The trash bag had holes in it and when it was picked up, some of the marijuana fell onto the floor of the truck. There were also around twenty empty bags, with holes similar to the bag containing marijuana, found hanging on a rope near the barn.

Appellant argues first that the state failed to make a submissible case for possession of over 35 grams of marijuana. Appellant does not dispute that the amount of marijuana was over 35 grams, but does dispute that she was shown to have been in possession of the marijuana.

In a determination of the sufficiency of the evidence to support a conviction, all evidence tending to support the verdict must be considered as true, contrary evidence disregarded, and every reasonable inference supporting the verdict indulged. Where the conviction rests on circumstantial evidence alone, the facts and circumstances to establish guilt must be consistent with each other, consistent with the guilt of the defendant, and inconsistent with any reasonable theory of his innocence. The evidence need not be conclusive of guilt, nor must the evidence demonstrate the impossibility of innocence. *State v. Wahby*, 775 S.W.2d 147, 154 (Mo. banc 1989). Weighing the evidence to determine whether the defendant was guilty beyond a reasonable doubt is the function of the jury and not the reviewing court. *State v. Simpson*, 718 S.W.2d 143, 146 (Mo.App. 1986).

To sustain a conviction for possession of a controlled substance the state must prove that the defendant knowingly and intentionally possessed the proscribed substance and that the defendant was aware of the presence and nature of the substances in question. *State v. Norwood*, 721 S.W.2d 175, 178 (Mo.App.1986). Possession may be proved by circumstantial evidence and knowledge may be inferred therefrom. *Id.* Where actual possession is not shown, constructive possession will suffice even where joint control exists, as long as other facts buttress an inference that the defendant had knowledge of the presence of the controlled substance. *Id.*

A defendant's access to an area in which drugs were found is an incriminating fact which is not destroyed by the fact that another also had access to the area. *State v. Pacchetti*, 729 S.W.2d 621, 629 (Mo.App. 1987). The presence of a large quantity of drugs also buttresses an inference of possession and control when consistent with the totality of circumstances. *State v.*

*Caldwell,* 698 S.W.2d 566, 574 (Mo.App. 1985).

■ The evidence to support appellant's conviction was circumstantial. The evidence did not establish actual possession or exclusive control of the pickup in which the marijuana was found and appellant made no admissions. However, there were sufficient facts presented to show that appellant had knowledge of the presence of the controlled substance.

A trash bag of marijuana was found in the cab of appellant's truck and appellant was nearby at the time the marijuana was discovered. The truck was located on property over which appellant had control as part owner. The property was private farm property not open to the public. There was only one other person in the area. The trash bag of marijuana had holes in it and when the bag was moved, some of the contents leaked from the holes in the bag. The truck had a smell of marijuana and leaves and seeds were present on the seat of the truck. Furthermore, the bag in which the marijuana was contained was common to some twenty other bags found on the premises of which appellant was part owner. These facts are consistent with each other, consistent with appellant having been in possession of the marijuana and inconsistent with any reasonable theory of her innocence.

Appellant's first point is denied.

In her second point, appellant argues that the trial court erred by denying her motion to suppress the trash bag of marijuana.

This point is controlled by this court's decision in the case of *State v. Adams,* 791 S.W.2d 873 (Mo.App.1990). The Adams in this controlling case being Carl Adams who was co-owner and present on the farm with appellant at the time that they were both arrested. Appellant's motion to suppress was on the same grounds and was consolidated for hearing, by agreement of the parties, with Carl Adams' motion to suppress.

In the case at bar, appellant advances the same arguments as were advanced by Carl Adams in *State v. Adams,* claiming error in the denial of her motion to suppress. Appellant's second point is denied.

In her third point, appellant argues that the trial court erred by admitting into evidence a trash bag which was representative of the approximately twenty other trash bags found hanging by the barn. Appellant argues that this evidence was irrelevant and prejudicial.

■ The trial court has broad discretion in determining the relevancy of evidence. *State v. Preston,* 673 S.W.2d 1, 6 (Mo. banc 1984), *cert. denied* 469 U.S. 893, 105 S.Ct. 269, 83 L.Ed.2d 205 (1984). Evidence is relevant if it logically tends to prove a fact in issue or corroborates relevant evidence which bears on the principle issue. *State v. Mercer,* 618 S.W.2d 1, 9 (Mo. banc 1981), *cert. denied* 454 U.S. 933, 102 S.Ct. 432, 70 L.Ed.2d 240 (1981). Moreover, before evidence can be excluded on the ground that it is irrelevant, it is essential that it appear so beyond doubt. *State v. O'Neal,* 718 S.W.2d 498, 503 (Mo. banc 1986), *cert. denied* 480 U.S. 926, 107 S.Ct. 1388, 94 L.Ed.2d 702 (1987).

■ The trash bag in question here was representative of some twenty such bags found hanging on a rope near the barn on appellant's property. Appellant was in the area of these bags. The bags were perforated and common to the bag in appellant's truck. This evidence was relevant to show appellant's knowledge of and intent to possess the similar bag in her truck.

Appellant's third point is denied.

In her fourth point, appellant argues that the trial court abused its discretion by failing to declare a mistrial or "failing to adequately reprimand the state" when the state exceeded the bounds of proper closing argument. Appellant argues that the state deliberately and continuously mischaracterized the evidence, attacked the character of defense counsel, improperly commented on her silence or lack of reaction to the marijuana seized at the time of her arrest and improperly raised false issues.

Appellant's fourth point fails to comply with Rule 30.06. Appellant's point relied

on and argument in support thereof presents nothing more than abstract allegations of error that preserve nothing for review. Furthermore, review of the record, *ex gratia*, shows no support for appellant's argument that the trial court abused its discretion by failing to grant a mistrial.

The trial court has broad discretion in allowing or rejecting arguments of counsel. *State v. Counts*, 671 S.W.2d 818, 820 (Mo. App.1984). Its rulings will be reversed only when the argument is plainly unwarranted and the defendant can establish that the argument had a prejudicial effect upon the jury's determination. *State v. Hobby*, 706 S.W.2d 232, 234 (Mo.App.1986). The declaration of a mistrial is a drastic remedy, and the power of the trial court in this respect should be exercised only in extraordinary circumstances. *State v. Young*, 701 S.W.2d 429, 434 (Mo. banc 1985).

Appellant's fourth point is denied.

In her fifth point, appellant argues that the trial court erred by admitting the trash bag of marijuana into evidence because the state failed to establish a proper chain of custody.

Once again, appellant fails to comply with Rule 30.06. In the argument portion of her fifth point appellant fails to give page references as required under Rule 30.06(h).

In any event, the trash bag of marijuana offered in evidence at trial was positively identified as the evidence seized at the time of appellant's arrest which makes proof of chain of custody unnecessary. *State v. Malone*, 694 S.W.2d 723, 727 (Mo. banc 1985), *cert. denied* 476 U.S. 1165, 106 S.Ct. 2292, 90 L.Ed.2d 733 (1985). Any weakness in the identification was for the jury to consider in assessing the weight of the evidence. *Id.*

The judgment of the trial court is affirmed.

All concur.