**STATE of Missouri, Plaintiff–Respondent,**

v.

**Shelly McINTIRE, Defendant–Appellant.**

No. 17451.

Missouri Court of Appeals,
Southern District,
Division One.

Nov. 21, 1991.

William L. Webster, Atty. Gen., Hugh L. Marshall, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

Brad B. Baker, Columbia, for defendant-appellant.

PREWITT, Presiding Judge.

Following trial by jury defendant was convicted of possession of more than 35 grams of marijuana. As a prior offender she was sentenced to two years' imprisonment. Defendant appeals.

■ For her first point defendant states that the state did not present sufficient evidence that she "possessed more than 35 grams of marijuana since the state's case was based wholly on circumstantial evidence, which failed to establish that appellant was aware of the presence of the marijuana, or was intentionally or consciously in possession of it, or that appellant had exclusive use of any part of the residence where the marijuana was seized." In determining this question, this court reviews the evidence and all reasonable inferences drawn from it in the light most favorable to the verdict. *State v. Dayringer*, 755 S.W.2d 698, 700 (Mo.App.1988).

■ Where a conviction rests only on circumstantial evidence, the facts and circumstances must be consistent with each other, consistent with the guilt of defendant, and inconsistent with any reasonable theory of innocence. *State v. Adkins*, 800 S.W.2d 28, 30 (Mo.App.1990).

■ To support a conviction for possession of a controlled substance there must be evidence that the defendant knowingly and intentionally possessed the substance, and was aware of its presence and nature. *Id.* Constructive possession is sufficient where joint control exists, if other facts buttress an inference that the defendant had knowledge of the presence of the substance. *Id.*

Defendant's access to the area where drugs were found is an incriminating fact not destroyed because another also had access to the area. *Id.* The presence of a large quantity of drugs also supports an inference of possession and control when consistent with the totality of circumstances. *Id.*

■ Defendant occupied a trailer with her husband and two-year-old son. There was evidence that on August 22, 1988, when defendant was eight or nine months pregnant, law enforcement officers came to the trailer's premises to execute a search warrant. Outside the mobile home they saw marijuana plants 20 to 30 feet from the back door. On the premises there was a green cup on the well house roof that contained a marijuana plant and several dried marijuana plants were nearby. In the mobile home a marijuana plant was hanging in the doorway to a bedroom. Under a "nightstand" the officers found "bagged processed marijuana" and a film canister that contained marijuana cigarettes. There was a round container which contained three plastic bags of marijuana sitting on top of the nightstand. In total, marijuana weighing over 101 grams was seized from the premises.

Also present in the trailer were scales, cigarette papers and a marijuana pipe. An officer seized a "hemostat" and two "roach clips" in the living room. The officer stated that these items are commonly used to consume marijuana. A loaded 12–gauge shotgun was found within a few feet of a bag of marijuana. Defendant said it was her shotgun.

These facts provide sufficient evidence to show that defendant had or at least shared possession of the marijuana. Compare *Adkins* supra, 800 S.W.2d at 30–31; *State v. Pacchetti*, 729 S.W.2d 621, 628–629 (Mo. App.1987), cert. denied, 484 U.S. 930, 108 S.Ct. 299, 98 L.Ed.2d 258 (1987).

Defendant's husband testified that all of the marijuana on the premises was his and that the defendant had no knowledge of it. He said he kept it hidden either outside or under the divan where she was unable to reach because of her pregnancy. Whether he was telling the truth was for the jury to determine. Jurors can use their common sense. It would be extremely naive to take the defendant's husband's testimony at face value.

Defendant primarily relies on *State v. Barber*, 635 S.W.2d 342 (Mo.1982). The case involved a visitor on the premises where several other persons were also present. There was no evidence in *Barber* that the defendant had regular use either

exclusive or joint of any part of the residence, nor how long he had been on the premises. *Barber* does not call for a different result. The evidence was sufficient to support the conviction. Point one is denied.

The remaining point of defendant states that the trial court erred in giving a "reasonable doubt" instruction patterned after MAI–CR3d 302.04 because the instruction "allowed the jury to find appellant guilty based on a degree of proof that was below that required by the due process clause."

Defendant acknowledges that this issue has previously been addressed and denied by the Missouri Supreme Court in *State v. Antwine*, 743 S.W.2d 51 (Mo. banc 1987), cert. denied, 486 U.S. 1017, 108 S.Ct. 1755, 100 L.Ed.2d 217 (1988). Defendant contends that the holding is erroneous in light of *Cage v. Louisiana*, — U.S. —, 111 S.Ct. 328, 112 L.Ed.2d 339 (1990). She suggests that if this court determines that it cannot address the merits of the argument because of *Antwine* that we transfer the case to the Missouri Supreme Court for reconsideration in light of *Cage*.

In *Cage* the court determined that the use in the instruction of "grave uncertainty", "actual substantial doubt" together with "moral certainty" resulted in giving the jury a degree of proof below that required by the due process clause. 111 S.Ct. at 329–330. MAI–CR 3d 302.04 uses none of those terms. It does use "firmly convinced". Previous to *Antwine*, this court held in *State v. Pendergrass*, 726 S.W.2d 831, 834 (Mo.App.1987), "the use of 'firmly convinced'" was not prejudicial to defendant. *Pendergrass* also states, as noted in *Cage*, that the practice of defining reasonable doubt has been widely criticized. However, a definition is required by statute in Missouri. § 546.070(4), RSMo 1986.

The differences in the instruction here and in *Cage* do not establish that *Antwine* was wrong. This court is constitutionally controlled by decisions of the Supreme Court of Missouri. Mo. Const. art. V, § 2 (1945); *State v. LaRue*, 811 S.W.2d 40, 45 (Mo.App.1991). The Missouri Supreme Court has held this instruction proper against the present contention that it lowered the proper burden of proof. This court must follow that ruling. *State v. Blue*, 811 S.W.2d 405, 410 (Mo.App.1991). Point two is denied.

The judgment is affirmed.

CROW and PARRISH, JJ., concur.