**STATE of Missouri, Plaintiff–Respondent,**

v.

**Juan E. GARZA, Defendant–Appellant.**

**No. 18098.**

Missouri Court of Appeals,
Southern District,
Division Two.

May 19, 1993.

Craig A. Johnston, Columbia, for defendant-appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Rudolph R. Rhodes, IV, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

PREWITT, Judge.

Following nonjury trial defendant was convicted of possession of more than 35 grams of marijuana and sentenced to 5 years' imprisonment. On appeal he presents two points relied on, his first stating that a search of the vehicle he was operat-

ing was improper and the second claiming that the evidence was insufficient to support the conviction. The points are discussed in the order raised.

Defendant was stopped on Interstate–44 in Greene County for violating the speed limit. Defendant was the sole occupant of a vehicle he was driving from Eagle Pass, Texas, intending to go to Chicago. Defendant was seated in the officer's patrol car while the officer checked his license and vehicle. When defendant's drivers license proved to be valid, the officer informed defendant that he was not going to receive a ticket for speeding.

A computer check of the vehicle satisfied the officer that the vehicle was not stolen. The officer subsequently asked defendant if he was carrying marijuana. He replied he was not. The officer then asked defendant for permission to search his vehicle. Defendant agreed to allow the officer to search the car. There was a jacket lying in the front seat. A can of air freshener was underneath it. Defendant opened the trunk for the officer.

There was no luggage in the trunk. In the trunk was "a box of Downy dryer sheets laying on top of a spare tire and a hang-up air freshener that was laying over on one side." The officer's examination of the trunk revealed that the back of the rear seat had recently been spray painted. Also, an adhesive material used in the restoration of cars was apparent on the back of the rear seat.

The officer then proceeded to the back seat of the car. He pulled down an arm rest in the middle of the back seat. The area behind the arm rest was "solid, metallic, and very hard." At this point the officer pulled the back seat forward, "breaking its seal" revealing more of the adhesive material, the odor of marijuana, and some packages inside the "compartment". The packages contained marijuana.

Defendant states that his detention exceeded that required for a normal traffic stop before he allegedly gave his consent to the search making the consent involuntary; "and the search exceeded the scope of the consent because the officer ripped apart appellant's back seat in order to expose a concealed secret compartment between the back seat and trunk".

■ Upon review of the trial court's decision overruling appellant's motion to suppress and allowing evidence of the marijuana, this court considers the facts and reasonable inferences arising therefrom in the light most favorable to the decision. *State v. Blair*, 691 S.W.2d 259, 260 (Mo. banc 1985). This court is to affirm the trial court's ruling if the evidence is sufficient to sustain its finding on the motion to suppress. *Id.; State v. Baskerville*, 616 S.W.2d 839, 843 (Mo.1981).

Among the cases relied upon by defendant under Point I are *State v. Stevens*, 845 S.W.2d 124 (Mo.App.1993), and *State v. Riddle*, 843 S.W.2d 385 (Mo.App.1992). They do not support him here. In both those cases the trial court suppressed the evidence, apparently finding the facts and inferences contrary to the state's position.

In this case the trial court ruled that defendant's consent was voluntarily given during the time reasonably necessary to carry out the traffic stop. Under this court's standard of review previously stated, here, the trial court's determination must be upheld.

■ The facts here pertaining to the length of defendant's detention are similar to those in *State v. Hyland*, 840 S.W.2d 219 (Mo. banc 1992). This court is constitutionally controlled by decisions of the Supreme Court of Missouri. Mo. Const. art. V, § 2 (1945); *State v. LaRue*, 811 S.W.2d 40, 45 (Mo.App.1991). Under *Hyland*, defendant's contention regarding his detention making the consent involuntary must be denied. *Cf. also State v. Cook*, 854 S.W.2d 579 (Mo.App.1993).

*Hyland* also addressed whether a defendant's consent to a request to "look inside" his suitcase amounted to consent to inspect the contents. Citing the "objective reasonableness" standard of *Florida v. Jimeno*, — U.S. ——, 111 S.Ct. 1801, 114 L.Ed.2d 297 (1991), the court found that a reasonable person would have concluded that the defendant had consented to the inspection of the contents of the suitcase.

Here, the search altered the vehicle's condition. Several cases have addressed the question of whether a general consent to search a vehicle includes consent to search that damages the vehicle or its contents. Some cases have taken the view that a general consent to search a vehicle includes consent to search even in a way which damages or significantly alters the vehicle or its contents, particularly where the consenting person is present during the search and fails to object.[1]

Other cases have taken the view that a general consent does not extend to such activity, but that the activity may be permissible if there is some other lawful basis for it such as probable cause found during the consent part of the search.[2]

It is not necessary to decide if the consent included allowing damage to the vehicle. By the time the officer may have exceeded the scope of defendant's consent in pulling the back seat forward, "breaking its seal", the officer had probable cause to believe he would find drugs.

Defendant was en route from Texas to Chicago—a frequent pathway for drug trafficking—without any luggage. Items for disguising odors were in the trunk and the passenger area. When the officer looked into the trunk, the adhesive material and spray paint in the rear of the trunk were apparent. When he pressed in the area behind the back seat arm rest, it was "very hard". These items, combined with the officer's knowledge and experience, established the probable cause necessary for the officer to proceed to look for the compartment behind the back seat.[3] Point I is denied.

Defendant states in his second point there was insufficient evidence "to convince a rational trier of fact that appellant knowingly possessed, or had exclusive control of more than 35 grams of marijuana." In determining the sufficiency of the evidence, this court reviews the evidence and all reasonable inferences drawn from the evidence in the light most favorable to the court's finding. *State v. McIntire*, 819 S.W.2d 411, 412 (Mo.App.1991); *State v. Dayringer*, 755 S.W.2d 698, 700 (Mo.App. 1988).

"To support a conviction for possession of a controlled substance there must be evidence that the defendant knowingly and intentionally possessed the substance, and was aware of its presence and nature." *McIntire*, 819 S.W.2d at 412. "The presence of a large quantity of drugs also supports an inference of possession and control when consistent with the totality of circumstances." *Id.*

Possession of a controlled substance may be proved by circumstantial evidence from which knowledge may be inferred, if the facts and circumstances to establish guilt are consistent with each other, consistent with the guilt of defendant, and inconsistent with any reasonable theory of innocence. *State v. Villa–Perez*, 835 S.W.2d 897, 900 (Mo. banc 1992).

The trial judge as the trier of fact must have determined that the air fresheners were there to disguise the odor of marijuana, defendant was using them for that purpose, and that defendant was knowingly transporting the marijuana. The evidence here was sufficient to support the conviction. *Cf. Villa–Perez*, 835 S.W.2d at 900–901. Point II is denied.

The judgment is affirmed.

MONTGOMERY, P.J., and FLANIGAN, J., concur.

**1.** *United States v. Espinosa*, 782 F.2d 888 (10th Cir.1986); *United States v. Martinez*, 949 F.2d 1117 (11th Cir.1992); Cf. *United States v. Pena*, 920 F.2d 1509 (10th Cir.1990), cert. denied, —— U.S. ——, 111 S.Ct. 2802, 115 L.Ed.2d 975 (1991).

**2.** See *United States v. Strickland*, 902 F.2d 937 (11th Cir.1990); Cf. *United States v. Garcia*, 897 F.2d 1413 (7th Cir.1990); *United States v. Washington*, 739 F.Supp. 546 (D.Or.1990).

**3.** See *State v. Burkhardt*, 795 S.W.2d 399 (Mo. banc 1990); *State v. Milliorn*, 794 S.W.2d 181 (Mo. banc 1990). See also *United States v. Chaidez*, 906 F.2d 377 (8th Cir.1990).