**STATE of Missouri, Plaintiff–Respondent,**

v.

**Julio CASTELLANOS, Defendant–Appellant.**

**No. 18296.**

Missouri Court of Appeals,
Southern District,
Division Two.

Sept. 27, 1993.

Motion for Rehearing and/or Transfer to Supreme Court Denied Oct. 18, 1993.

Application to Transfer Denied
Nov. 23, 1993.

Thomas D. Carver, Springfield, for defendant-appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Jefferson City, Philip M. Koppe, Asst. Atty. Gen., Kansas City, for plaintiff-respondent.

PREWITT, Judge.

Following nonjury trial defendant was found guilty of drug trafficking and sentenced to twenty years' imprisonment. Defendant appeals.

Defendant's first two points complain of the trial court failing to sustain his motion to suppress evidence of cocaine found in a motor vehicle defendant was operating on Interstate 44 in Springfield. There was no objection when this evidence was offered; thus the issue is not preserved for appellate review. *State v. Qualls,* 810 S.W.2d 649, 651 (Mo. App.1991).

Gratuitous review establishes that defendant's consent to the search was valid. Decisions of the Missouri Supreme Court are "controlling" upon this court. Mo. Const. art. V, § 2. Those decisions justified the trial court's determination. See *State v. Hyland,* 840 S.W.2d 219 (Mo. banc 1992); *State v. Cook,* 854 S.W.2d 579 (Mo.App.1993). Points one and two are denied.

For his remaining point defendant asserts that the evidence was insufficient to support the conviction. The vehicle which defendant was operating had stored in a hidden compartment thirty individually wrapped packages of cocaine weighing more than 31,000 grams. Defendant had driven the van from California to Springfield. The arresting officer smelled a very strong odor of deodorizers or air freshener. Defendant told the officer that he had been to California to visit his mother in the hospital but could not recall the hospital or the city where it was located. Defendant admitted that he initially gave the officer a name not his own and that the identification papers he was carrying and had given the officer were false.

There is no merit to this point under our supreme court's holding in *State v. Villa-Perez,* 835 S.W.2d 897 (Mo. banc 1992). *Cf.* also *State v. Garza,* 853 S.W.2d 462 (Mo.App. 1993).

The judgment is affirmed.

FLANIGAN, P.J., and CROW, J., concur.