STATE of Missouri, Plaintiff–Respondent,

v.

Tamara Martin ALVIS, Defendant–Appellant.

No. 18823.

Missouri Court of Appeals,
Southern District,
Division Two.

April 7, 1994.

Motion for Rehearing and/or Transfer to Supreme Court Denied April 28, 1994.

James F. Crews, Crews, Gaw, Lutz & Opie, Tipton, for defendant-appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Mary Moulton Bryan, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

PREWITT, Judge.

Defendant was convicted of possession of a controlled substance, methamphetamine, in violation of § 195.202, RSMo Supp.1992. She was sentenced to one year imprisonment. Defendant appeals, presenting three points relied on.

■ For her first point defendant contends the trial court erred in admitting an exhibit, purporting to be methamphetamine. The substance had been mailed by the sheriff of Cedar County to the Joplin Crime Laboratory. She asserts "sending drugs to be tested through registered U.S. Mails is not an acceptable method of protecting the evidence, in that a breach of the chain of evidence is caused by this method of delivery unless the evidence is in a heat-sealed evidence bag."

Under this point defendant cites one case, *State v. Turnbough,* 729 S.W.2d 37 (Mo.App. 1987). She contends that under *Turnbough,* heat-sealing the container in which the exhibit was mailed was required. We do not so read *Turnbough.* There, heat-sealed plastic evidence bags were used, but the case does not say that is a requirement. Likewise, in *State v. Gustin,* 826 S.W.2d 409, 415–416 (Mo.App.1992), heat-sealed containers were used, but there is no indication they are necessary before using the U.S. mails.

*Gustin* states:

"In order to receive testimony showing the results of tests performed on articles, it is necessary to satisfy the court not only as to the identity of the articles, but also that they were in the same condition when tested as when originally obtained. [citing cases] The sufficiency of evidence establishing a chain of custody demonstrating there has been no improper tampering with an exhibit is a matter addressed to the sound discretion of the trial court. [citing case] The proof need not exclude every possibility that the evidence has been disturbed. [citing cases] The proof is sufficient if it provides reasonable assurance that the exhibit was in the same condition when tested as when originally obtained. [citing cases] The reasonable assurance standard does not require proof of hand-to-hand custody. [citing cases]

Here, there was adequate testimony regarding the manner of sealing, the condition of the container upon receipt, and the contents so that the trial court did not abuse its discretion in admitting the exhibit. Point one has no merit. It is denied.

■ Defendant's remaining two points claim instructional error. Her brief, however, does not contain the instructions of which she complains. Rule 30.06(e) states that if a point relates to the giving of an instruction "such instruction shall be set forth in full in the argument portion of the brief." Error in the giving of an instruction is not preserved for review when the instruction is not set out in the argument portion of the brief. *State v. Tatum,* 807 S.W.2d 126, 128 (Mo.App.1991); *State v. Willis,* 602 S.W.2d 9, 10 (Mo.App. 1980).

Gratuitous review under Rule 30.20 shows no plain error, including the contention that there was no evidence to support the verdict directing instruction. Under the holdings of *State v. McIntire,* 819 S.W.2d 411 (Mo.App. 1991); *State v. Adkins,* 800 S.W.2d 28, 30 (Mo.App.1990); and *State v. Pacchetti,* 729 S.W.2d 621 (Mo.App.1987), cert. denied, 484 U.S. 930, 108 S.Ct. 299, 98 L.Ed.2d 258 (1987), there were facts providing sufficient evidence to show that defendant had or at least shared possession of the methamphetamine. Points two and three are denied.

The judgment is affirmed.

FLANIGAN, P.J., and CROW, J., concur.