STATE of Missouri, Appellant,

v.

Jill Marie GIBSON, Respondent.

No. ED 84947.

Missouri Court of Appeals,
Eastern District,
Division Five.

Jan. 4, 2005.

Harry M. Swingle, Angel Woodruff, Officer of the Prosecuting Attorney, Jackson, MO, for appellant.

Malcolm H. Montgomery, Cape Girardeau, MO, for respondent.

Before GEORGE W. DRAPER III, C.J., CLIFFORD H. AHRENS, J., and PATRICIA J. COHEN, J.

## ORDER

PER CURIAM.

The State of Missouri appeals the trial court's grant of Jill Marie Gibson's (hereinafter, "Defendant") motion to suppress physical evidence. The State claims the trial court erred in granting the motion because the execution of its search warrant was reasonable even though Defendant was not a target of its investigation.

The search warrant at issue charged the police with looking for marijuana, methamphetamine, and evidence, including by not limited to, controlled substances, paraphernalia, records relating to the distribution of controlled substances, and any indicia of ownership or occupancy of the residence. Defendant was a guest at the residence during the search. When police arrived, she was restrained in the living room, separated from her purse which was left in the kitchen.[1] After searching one purse, police searched Defendant's. In her wallet, hidden behind Defendant's drivers license, police found a small amount of a controlled substance. The officer who searched her purse claimed he did not look at Defendant's driver's license after removing it.

Upon review of the trial court's ruling on a motion to suppress, this Court views the facts in the light most favorable to the order challenged on appeal. *State v. Riddle*, 843 S.W.2d 385, 386 (Mo.App. E.D. 1992); *State v. Garza*, 853 S.W.2d 462, 463 (Mo.App. S.D.1993). Our review is limited to determining whether sufficient evidence exists to sustain its determination. *State v. Wise*, 879 S.W.2d 494, 503 (Mo. banc 1994). "Deference is given to the trial court's evaluation of the credibility of the witnesses and the weight of the evidence." *State v. Solt*, 48 S.W.3d 677, 679 (Mo.App. S.D.2001) (*citing State v. Villa–Perez*, 835 S.W.2d 897, 902 (Mo. banc 1992)). Even if this Court believes it would have reached a different result sitting as the trier-of-fact, we must affirm the trial court if the ruling is plausible in light of the record. *Solt*, 48 S.W.3d at 679 (*citing State v. Milliorn*, 794 S.W.2d 181, 184 (Mo. banc 1990)).

Giving deference to the trial court's ability to determine the credibility of witnesses and looking at the facts in the light most favorable to its decision, the trial court's decision was plausible. The trial court was free to believe the controlled substance was hidden behind Defendant's

---

1. The Court questions the underlying assumption that a woman has a lesser expectation of privacy simply because she carries her personal documents in a purse rather than a wallet in her pocket as many men do.

driver's license and police did not have the right to search Defendant's purse.

We have reviewed the briefs of the parties and the record on appeal. An extended opinion would have no precedential value. The judgment is affirmed pursuant to Rule 30.25(b).