**STATE of Missouri, Respondent,**

v.

**Jerry M. WEIDE, Appellant.**

**No. WD 43703.**

Missouri Court of Appeals,
Western District.

June 18, 1991.

Motion for Rehearing and/or Transfer to Supreme Court Denied July 30, 1991.

Application to Transfer Denied
Sept. 10, 1991.*

---

* Appellant's motion to set bond, or in the alternative, motion to reinstate bond on appeal, or in

the alternative, petition for writ of habeas corpus denied.

Before LOWENSTEIN, P.J., and TURNAGE and FENNER, JJ.

FENNER, Judge.

Appellant, Jerry M. Weide, appeals his conviction for possession of methamphetamine, a controlled substance, § 195.020.2, RSMo 1986.

The evidence showed that on September 22, 1989, Detective Randall Eich of the City of Warrensburg Police Department obtained a warrant to search the residence of appellant and his wife, Kimberly Weide, at Route 5, Warrensburg, Missouri. Among the items named in the warrant were methamphetamine, a chrome plated revolver, records of narcotic transactions, cash, drug paraphernalia and a set of scales.

When the police arrived at the Weide residence to execute the search warrant, Kimberly Weide was present at the house. Shortly after the officers arrived, Jerry Weide emerged from the woods next to the residence and he was placed under arrest.

In executing the search warrant, Detective Eich searched a bureau located in a hallway off the kitchen in the house. The drawers of the bureau contained various papers, including motor vehicle titles and telephone bills. Most of the documents bore the name of Jerry Weide. In particular, there was a receipt for a Harley Davidson motorcycle purchased by Jerry Weide. On top of the bureau there was a Harley Davidson beer can, some Harley Davidson cigarettes and a small wooden box, among other items. Inside the wooden box was found a clear ziplock bag containing an off white substance, later determined to be methamphetamine, with a street value of $2,000.00.

In his first point, appellant claims that the trial court erred in overruling his Motion for Judgment of Acquittal at the Close of the State's Evidence. Appellant alleges that the evidence was insufficient to support his conviction.

In deciding on the sufficiency of the evidence to support a conviction, the evidence and all favorable inferences reasonably to be drawn therefrom must be considered in

Roy W. Brown, Kearney, for appellant.

William L. Webster, Atty. Gen., Robert P. Sass, Asst. Atty. Gen., Jefferson City, for respondent.

the light most favorable to the verdict. *State v. Guinan,* 665 S.W.2d 325, 329 (Mo. banc 1984), *cert. denied,* 469 U.S. 873, 105 S.Ct. 227, 83 L.Ed.2d 156 (1984). An appellate court's function is not to weigh the evidence, but to determine only whether there was sufficient evidence from which reasonable persons could have found the defendant guilty. *State v. Barber,* 635 S.W.2d 342, 343 (Mo.1982).

■ To sustain a conviction for possession of a controlled substance, the state must prove that the defendant knowingly and intentionally possessed the proscribed substance and that the defendant was aware of the presence and nature of the substance in question. *State v. Adkins,* 800 S.W.2d 28, 30 (Mo.App.1990). Possession may be proved by circumstantial evidence and knowledge may be inferred therefrom. *Id.* Where actual possession is not shown, constructive possession will suffice even where joint control exists, as long as other facts buttress an inference that the defendant had knowledge of the presence of the controlled substance. *Id.*

■ When a conviction rests on circumstantial evidence alone, the evidence and facts must be inconsistent with any reasonable theory of innocence. *State v. Wahby,* 775 S.W.2d 147, 154 (Mo. banc 1989). The evidence need not, however, be conclusive of guilt, nor must the evidence demonstrate the impossibility of innocence. *Id.* Weighing the evidence to determine whether the defendant was guilty beyond a reasonable doubt is the function of the jury and not the reviewing court. *State v. Adkins,* 800 S.W.2d at 30.

■ A defendant's access to an area in which drugs are found is an incriminating fact which is not destroyed by the fact that another also had access to the area. *State v. Adkins,* 800 S.W.2d at 30. The fact that contraband is found with other items belonging to the defendant is incriminating. See, *State v. Willers,* 794 S.W.2d 315, 318–19 (Mo.App.1990); See also, *State v. Gulley,* 776 S.W.2d 492, 494 (Mo.App.1989). The value of illegal drugs is also relevant to show knowing and intentional possession. *State v. Lowrance,* 619 S.W.2d 354, 357 (Mo.App.1981); *State v. Lewis,* 526 S.W.2d 49, 53 (Mo.App.1975).

■ The drugs were found in a box on top of a bureau which was located in a conspicuous place in appellant's residence. Along with the box containing the drugs on top of the bureau was a Harley Davidson beer can and Harley Davidson cigarettes. It is reasonable to infer that appellant was the owner of the Harley Davidson items when a receipt was found showing appellant to be the owner of a Harley Davidson motorcycle. Furthermore, the documents in the bureau bearing appellant's name showed that he had access to the bureau. The value of the drugs found, $2,000.00, was also an incriminating fact. These facts are consistent with each other, consistent with appellant having been in possession of the methamphetamine and inconsistent with any reasonable theory of his innocence.

Appellant's first point is denied.

In his second point, appellant argues that the trial court erred by denying his motion to suppress the evidence seized because the search warrant was invalid. Appellant argues that Detective Eich acted in bad faith when applying for the warrant by withholding material facts from the issuing judge. Appellant further argues under this point that the warrant was invalid because Detective Eich did not corroborate the information used in obtaining the warrant.

Section 542.276, RSMo Supp.1990,[1] sets forth the procedure for application, issuance and execution of a valid search warrant. Section 542.276.2 requires, inter alia, the application to be in writing and to state facts sufficient to show probable cause for the issuance of a search warrant. Section 542.276.3 permits supplementation of the application by written, verified affidavit which "shall be considered in determining whether there is probable cause for the issuance of a search warrant...." Section 542.276.4 provides that the issuing judge is to hold a non-adversary hearing to deter-

1. All statutory references are to RSMo Supp. 1990, unless otherwise specifically stated.

mine whether sufficient facts have been stated to justify issuance of a search warrant. Section 542.276.4 further provides that "[i]f it appears from the application and any supporting affidavit that there is probable cause to believe that property, article, material, substance, or person subject to seizure is on the person or at the place or in the thing described, a search warrant shall immediately be issued." Section 542.276.10 addresses when a search warrant is deemed invalid citing seven defects. The only defect provided, relevant to this case, is under § 542.276.10(3) which provides that a search warrant is invalid if issued without probable cause.

In the case at bar, the application for a search warrant was based on the affidavit of appellant's son, Jerry Marvin Weide III (Jerry). The warrant authorized the search of appellant's residence at Route 5, Warrensburg, Missouri, and described the residence. In his affidavit Jerry stated, among other matters, that he had lived with his father off and on for the past 19 years. Jerry stated that his father had an old metal box in his bedroom, at the Warrensburg address, in which he kept approximately $20,000.00. Jerry said appellant dealt in methamphetamine and that appellant told him he makes about $10,000.00 a week selling methamphetamine. Jerry said appellant keeps the money at home in order that the IRS not learn of it. Jerry also said that appellant was a user of methamphetamine, that appellant kept methamphetamine on his person and that appellant had provided him with the drug. Jerry stated that appellant kept a chrome plated revolver in the bottom drawer of a dresser in his (appellant's) bedroom. Jerry said that appellant had transported, under the hood of appellant's truck, a bag of a white substance to a house at 308 Kelly Street in Leeton, Missouri. Jerry said that appellant owned the house at 308 Kelly, but did not reside there. Jerry also said that he had observed a set of scales at 308 Kelly and that he had heard appellant operating the scales. Jerry said that he had seen appellant give at least four people methamphetamine while at the house at 308 Kelly.

At appellant's motion to suppress hearing, Detective Eich testified that a "university police officer" introduced him to Jerry. That at the time he met Jerry, Jerry was under arrest for misdemeanor possession of marijuana. Detective Eich told Jerry that if he cooperated, no charges would be filed on the marijuana violation. Detective Eich had Jerry return the day after they first met to sign the affidavit.

Appellant argues that material information was withheld from the judge issuing the search warrant. Appellant argues that the search warrant is invalid because the judge was not advised of the promise not to file charges against Jerry in return for his cooperation and was not advised that Jerry returned the day after he first met with Detective Eich, to sign the affidavit.

Appellant bases his argument under this point on *United States v. Leon*, 468 U.S. 897, 923, 104 S.Ct. 3405, 3420–21, 82 L.Ed.2d 677 (1984), citing *Franks v. Delaware*, 438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978), for the proposition that suppression of a search warrant is an appropriate remedy if the judge issuing the warrant was misled by information in an affidavit that the affiant knew was false or would have known was false except for his reckless disregard of the truth.

No Missouri case is found applying *Franks* to a situation involving alleged material omissions from an affidavit in support of a search warrant. However, the Eighth Circuit has addressed this question.

In *United States v. Reivich*, 793 F.2d 957 (8th Cir.1986), the court held that affidavits in support of a search warrant are subject to challenge on the basis of alleged deliberate material omissions. The challenge must show that (1) the police omitted facts with the intent to make, or in reckless disregard of whether they thereby made, the affidavit misleading; and (2) that the affidavit if supplemented by the omitted information would not have been sufficient to support a finding of probable cause.

We find the position of the Eighth Circuit persuasive on the issue of

alleged deliberate material omissions from an affidavit in support of a search warrant. We further find that payments to an affiant and promises of leniency do not defeat probable cause for issuance of a search warrant. *United States v. Strifler*, 851 F.2d 1197, 1200–1201 (9th Cir.1988), *cert. denied*, 489 U.S. 1032, 109 S.Ct. 1170, 103 L.Ed.2d 228 (1989). Likewise, a failure to advise the court of payments to an affiant or promises of leniency do not constitute material omissions of fact sufficient to defeat a search warrant.

 The record does not reflect material omissions of fact sufficient to defeat probable cause for issuance of the search warrant herein.

In his second claim under this point, appellant argues that Jerry's affidavit required corroboration.

 When hearsay forms the basis of probable cause for issuing a search warrant, there must be a substantial basis for crediting the hearsay. *State v. Ambrosio*, 632 S.W.2d 262, 265 (Mo.App.1982). When an affidavit is based on hearsay, a substantial basis for believing the hearsay is established by corroboration through other sources. *Id.*

 In the case at bar, Jerry's affidavit was based upon his personal experiences and observations as witness to the matters he referenced in his affidavit. Jerry's affidavit was not based on hearsay.

 Where the informant directly serves as the affiant for a search warrant, thereby running the risk of a perjury prosecution, it may be fairly concluded that the information given by the informant under oath is reliable. LaFave, *Search and Seizure*, § 3.3(c) (2d ed. 1987). See also, *State v. Flauaus*, 515 S.W.2d 873, 877 (Mo.App. 1974). Corroboration of Jerry's non-hearsay statements was not required.

Appellant's second point is denied.

In his third point, appellant argues that the trial court erred by overruling his motion to suppress evidence seized herein because the search warrant was overbroad. Appellant argues the court lacked probable cause to issue a search warrant authorizing a general search of the entire house that he occupied and that the search should have been limited to areas of the house where the affidavit indicated contraband had been seen.

The test for determining whether probable cause has been established for issuance of a search warrant is the "totality of the circumstances" standard as set forth by the United States Supreme Court in *Illinois v. Gates*, 462 U.S. 213, 238–239, 103 S.Ct. 2317, 2332, 76 L.Ed.2d 527 (1983). Therein, the court stated as follows:

The task of the issuing magistrate is simply to make a practical, common sense decision whether, given all the circumstances set forth in the affidavit before him, including the veracity and basis of knowledge of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place. And the duty of the reviewing court is simply to ensure that the magistrate had a substantial basis for ... concluding that probable cause existed.

 The scope of a lawful search is defined by the object of the search and the places in which there is probable cause to believe that it may be found. *Maryland v. Garrison*, 480 U.S. 79, 84, 107 S.Ct. 1013, 1017, 94 L.Ed.2d 72 (1987). The search of an entire residence for contraband is not overbroad when the contraband is of the type that could easily be concealed anywhere within the residence. *State v. Gardner*, 741 S.W.2d 1, 8 (Mo. banc 1987), *cert. denied*, 486 U.S. 1025, 108 S.Ct. 2001, 100 L.Ed.2d 232 (1988).

 The information provided to the issuing court, as set forth under the second point herein, provided probable cause to believe that concealable and moveable contraband would be found on the premises of appellant's residence. The search warrant was not overbroad under the totality of the circumstances. Appellant's third point is denied.

The judgment of the trial court is affirmed.

All concur.