**STATE of Missouri, Respondent,**

v.

**Anna S. STEWARD, Appellant.**

**No. WD 45404.**

Missouri Court of Appeals,
Western District.

Oct. 6, 1992.

Motion for Rehearing and/or Transfer to
Supreme Court Denied
Nov. 24, 1992.

Application to Transfer Denied
Jan. 26, 1993.

---

J. Gregory Mermelstein, Columbia, for appellant.

Philip M. Koppe, Asst. Atty. Gen., Kansas City, for respondent.

Before KENNEDY, P.J., and SPINDEN and SMART, JJ.

KENNEDY, Presiding Judge.

Defendant Anna Steward appeals her conviction for possession of cocaine, a controlled substance, under Section 195.202.2, RSMo Supp.1991. Defendant was sentenced to seven years imprisonment. Five points of error are asserted on appeal. Judgment affirmed.

On December 1, 1989, the Sheriff's Department of Callaway County, Missouri, executed a search warrant at the home of Wendell and Anna Steward in Fulton, Missouri. When they entered the house, the deputies found four people inside. The defendant was in the master bedroom, lying "toward the west side" of the bed. While defendant describes herself as a quadriplegic, she has use of her hands and arms. At trial she testified that she spends most of her time in bed or sitting in an orange recliner in the living room of the house. She uses a wheelchair to get around the house.

The police discovered a number of drug related items in the course of their search. In the living room next to the orange recliner they found an "Avon jar" containing 45 packets of a substance later identified as cocaine. A handgun was discovered in the pouch of the recliner. A wallet containing $125 was resting on the headboard of the bed where defendant was lying in the master bedroom. On the bed with defendant the police found $25 in cash. A bottle of Demerol, a controlled substance, with the name "Pam Brookings" on the label

was resting on the nightstand located on the west side of the bed, the side defendant testified was "hers". On the east nightstand was a police scanner tuned to the frequency of the Fulton police. Inside the drawer of this nightstand the police discovered two more handguns and a box containing 70 one-dollar bills. Also in this nightstand, inside the double doors, the deputies found a sentry box. When Wendell Steward arrived, he gave police a key to the box. The box contained cocaine residue, $1,585 in cash, a small scale, several squares of paper similar to the ones in the Avon jar, and a bottle of Inositol, which is used as a cutting agent for cocaine.

The police also searched a closet containing all female clothing in the master bedroom. On the floor of the closet was a purse which defendant identified as the purse she was using at the time. Inside this purse was a wooden box with Wendell's nickname on it, which contained a "pinch hitter", a type of pipe often used to smoke drugs. Defendant stated that the box belonged to her husband, and could not explain why it was found in her purse. Another purse was found on the closet shelf, above a level which the defendant could reach on her own. This purse contained a cellophane bag found to contain cocaine. At trial defendant stated that, while this purse also belonged to her, she no longer used that purse and denied any knowledge of the cocaine. All of the items found in the search were introduced against the defendant in her trial for cocaine possession.

■ In her appeal defendant first asserts that the trial court erred in overruling her motion for acquittal at the close of all evidence because the evidence is insufficient to prove beyond a reasonable doubt that defendant knowingly and intentionally possessed cocaine. In reviewing the sufficiency of the evidence, the facts in evidence and all favorable inferences reasonably drawn therefrom are to be considered in the light most favorable to the state, and all inferences to the contrary are to be disregarded. *State v. Falkner*, 672 S.W.2d 373 (Mo.App.1984). In a case such as this

one, which rests on circumstantial evidence, the facts and circumstances "must be consistent with each other, consistent with the guilt of the defendant, and inconsistent with any reasonable theory of his innocence." *State v. Livingston*, 801 S.W.2d 344, 347 (Mo. banc 1990). The evidence does not have to be conclusive of guilt, nor does it have to demonstrate the impossibility of innocence (citation omitted). *State v. Weide*, 812 S.W.2d 866, 869 (Mo. App.1991).

■ In a case of possession of a controlled substance, the state must prove that the defendant knowingly and intentionally possessed the substance and knew the nature of the substance in question. *State v. Weide*, 812 S.W.2d at 869. In this case, the state had the burden of proving constructive possession by introducing other evidence connecting the defendant to possession of the cocaine. *State v. Johnson*, 811 S.W.2d 411 (Mo.App.1991). Additional evidence which may suffice to connect a defendant to possession of a controlled substance may include: a mixture of personal belongings of a defendant with the substance, routine access to an area where the substance is kept, and the value of the illegal substances found. (citations omitted). *State v. Weide*, 812 S.W.2d at 869. The fact that others have access to an area where drugs are found does not destroy the incriminating fact that a defendant has access to that area. *Id.*, quoting *State v. Adkins*, 800 S.W.2d 28, 30 (Mo.App.1990).

■ We find there was sufficient evidence to convict defendant of possession of cocaine. Her situation is similar to cases decided by this court affirming convictions for possession of a controlled substance based on circumstantial evidence. For example, in *State v. Hall*, 687 S.W.2d 924 (Mo.App.1985), this court affirmed the conviction of a wife for possession of marijuana found in a home she shared with her husband. The drugs were found on a dresser in defendant's bedroom and in a second bedroom. The court pointed to the access of the defendant to the two rooms, the close proximity of the drugs to the bed where defendant was found when the po-

lice entered the house, and the fact that many of the items were in plain view. In *State v. Weide*, 812 S.W.2d 866 (Mo.App. 1991), the court found that the fact that the drugs were in a box on a bureau to which defendant had access and alongside items that appeared to belong to defendant, as well as the value of the drugs ($2,000), were incriminating facts sufficient to sustain defendant's conviction.

Defendant attempts to argue that the state failed to prove constructive possession of each drug related item found in defendant's house. We first note the difficulty of this task, given the fact that the items were found in several locations throughout defendant's home. The cases cited by defendant are unpersuasive. *State v. Falkner*, 672 S.W.2d 373 (Mo.App. 1984), held that the sole fact that defendant was the owner of the house where drugs were found was not sufficient to support the inference of defendant's exclusive use and possession of the house, and the further inference that defendant had knowledge of the presence and character of drugs found in the house. In *State v. Barber*, 635 S.W.2d 342 (Mo.1982), the Missouri Supreme Court reversed the conviction of a defendant found in a bedroom along with three other people and a large quantity of drugs. There was no evidence that defendant had regular use of the bedroom, or that defendant exercised any control over the drugs. The defendant's presence was found to be insufficient to establish the guilt of the defendant.

The fact situation in this case is very similar to a case out of the Southern District Court of Appeals, *State v. McIntire*, 819 S.W.2d 411 (Mo.App.1991). The defendant in *McIntire* was convicted of possession of more than 35 grams of marijuana. Bags of marijuana were found on a well house roof, under a nightstand in defendant's bedroom, on top of the nightstand, and in a hanging plant. The defendant denied ever seeing the marijuana and at trial her husband testified that he kept the drugs, which were his, hidden outside or under a divan, where his wife could not reach because of her pregnancy. The court stated that the credibility of this testimony was for the jury to determine and affirmed the conviction.

The same can be said for this case. Much of the cocaine was found in plain view in an area to which defendant had access. Some of the cocaine was found in a closet among her belongings, in a purse which she admitted was hers. Many of the drug related items were found in defendant's bedroom. The jury was in the best position to weigh the credibility of defendant's story that she was completely unaware of the presence of drugs in her home.

Defendant's second point on appeal asserts that the trial court erred in introducing certain evidence at trial. This evidence consisted of the bottle of Demerol found on defendant's nightstand, the "pinch hitter" found in defendant's purse, the cash and guns found in the house, and the scale, Inositol, and packets of paper found in the sentry box. The defendant argues that this evidence was irrelevant to the question of whether she possessed cocaine and allowed the jury to infer that she was guilty of the sale of cocaine, an uncharged crime.

Defendant is correct that evidence of other crimes is normally inadmissible, unless this evidence has a legitimate tendency to establish the guilt of the defendant for the charged crime. *State v. Burr*, 542 S.W.2d 527, 530 (Mo.App.1976). In *State v. Camden*, 837 S.W.2d 520 (Mo.App. 1992), this court held that a cigarette butt found in defendant's jacket that contained marijuana was properly admitted in defendant's trial for possession of cocaine. The court stated that this evidence tended to prove defendant's intent to possess illegal drugs and his knowledge of illegal drugs. *State v. Camden*, at 522. In *State v. Johnson*, 811 S.W.2d 411 (Mo.App.1991), the court allowed evidence of marijuana found in defendant's bedroom and in the pocket of a jacket which was in the room, but did not belong to the defendant, to be introduced at defendant's trial for possession of cocaine found in the same room.

The reasoning behind these decisions is equally applicable here. The Demerol found on defendant's nightstand and the pipe used for smoking drugs which was found in defendant's purse tended to prove that defendant had knowledge of the nature of the illegal drugs found in her house and that she intended to possess illegal drugs. The other drug related items, most of which were found in defendant's bedroom, tended to show that a drug selling operation was being run out of defendant's house, making it highly unlikely that defendant was unaware of the presence of the cocaine in her house.

Defendant's third point is related to the second. Defendant alleges that the trial court erred in allowing the prosecutor in closing argument to imply that the defendant was a cocaine dealer and that this implication prejudiced the jury against the defendant and led them to convict and punish her for uncharged crimes. Since no objection to the closing argument was made at trial, our review is limited to whether the trial court plainly erred in not declaring a mistrial, *sua sponte*. Rule 29.-12, V.A.M.R.

■■■ Having decided that the evidence of the other illegal substances, as well as the cash, guns, scales, etc. were properly admitted, it follows that the prosecution could argue to the jury all reasonable inferences the evidence created. *State v. Williams*, 369 S.W.2d 408 (Mo. banc 1963), *State v. Pena*, 784 S.W.2d 883 (Mo.App. 1990). The trial court has broad discretion in controlling closing argument. *State v. Allen*, 829 S.W.2d 524 (Mo.App.1992). "Plain error will seldom be found in unobjected closing argument. A holding that would require the judge to interrupt counsel presents myriad problems." *State v. Kempker*, 824 S.W.2d 909 (Mo. banc 1992).

In *State v. Pena*, this court held that it was proper for a prosecutor to state in closing argument, over objection, that a defendant charged with possession of cocaine was a "drug dealer" and "drug courier." The prosecutor asked the jury to send a message to drug couriers. This court stated that the evidence allowed the inference that the defendant was a dealer or courier. A large amount of cocaine was found in five separate packages in a car the defendant had driven to Chicago and back in the course of two days. See also, *State v. Bailey*, 839 S.W.2d 657 (Mo.App.1992).

The implications by the prosecution in this case were also reasonable. The cocaine found in defendant's house was packaged in small bundles, and a scale, a cutting agent, handguns, and a large amount of cash were also found. All indications were that cocaine was being sold out of defendant's home. The prosecution was able to paint a "complete picture" for the jury, including the fact that it appears that the defendant was a drug dealer.

We are asked to review two other alleged errors as plain error under Rule 29.12, V.A.M.R., since they were not preserved for review.

■■■ The first of these alleged trial court errors is that the trial court did not intervene on its own initiative to order a mistrial when the prosecutor on jury voir dire asked questions which sought to commit members of the jury panel to a verdict of guilty, and other questions which shifted the burden of proof to defendant. This allegation of error makes its first appearance in appellant's brief in this court. There was no objection to the offending questions. There was no mention of them in the motion for a new trial. The prosecutor's questions are condemned under *State v. Kiner*, 441 S.W.2d 720 (Mo.1969). We conclude, though, that no manifest injustice or any miscarriage of justice resulted therefrom, which would override our common sense requirements for preservation of error for review. Even from the prosecutor's voir dire questions, taken as a whole, and clearly from the court's instructions, the jury was informed that they were to convict only if they found proof of guilt beyond a reasonable doubt, and that the burden of proof rested upon the state. Any erroneous message conveyed to the jury by the prosecutor's questions could have been set right by the trial court at the time, if a timely objection had been made;

no mistrial would have been called for. The guilty verdict was well supported by the evidence. We do not find in the prosecutor's questions or in the court's failure *sua sponte* to intervene "plain error affecting substantial rights ... [from which] manifest injustice or miscarriage of justice has resulted...." Rule 29.12, V.A.M.R.

 The next and final allegation of error is aimed at the verdict directing instruction.[1] The complaint is that the instruction could have been understood by the jury as directing a verdict of guilty if defendant's husband knowingly possessed the cocaine while defendant herself was innocent of guilty knowledge. Taken in isolation, the third and fourth paragraphs might convey that meaning. Read as a whole, though, the language of the instruction makes it clear to the jury that defendant must have acted with the purpose of committing the offense as a principal or as an accessory. Purpose implies knowledge. The jury was not so misdirected as to cause manifest injustice or miscarriage of justice. *See, State v. Cline*, 808 S.W.2d 822, 824 (Mo. banc 1991).

Judgment affirmed.

All concur.

1. The instruction read as follows:

A person is responsible for her own conduct and she is also responsible for the conduct of another person in committing an offense if she acts with him with the common purpose of committing that offense, or if, for the purpose of committing that offense, she aids or encourages the other person in committing it.

If you find and believe from the evidence beyond a reasonable doubt:

First, that on or about December 1, 1989, in the County of Callaway, State of Missouri, the defendant or Wendell Steward possessed cocaine, a controlled substance, and

Second, that defendant or Wendell Steward knew of its presence and illegal nature,

then you are instructed that the offense of possessing a controlled substance has occurred, and if you further find and believe from the evidence beyond a reasonable doubt:

Third, that with the purpose of promoting or furthering the commission of the possessing a controlled substance, the defendant acted together with or aided Wendell Steward in committing that offense,

then you will find the defendant guilty of possessing a controlled substance.

However, unless you find and believe from the evidence beyond a reasonable doubt each and all of these propositions, you must find the defendant not guilty of that offense.

As used in this instruction, the term "possessed" means either actual or constructive possession of the substance. A person has actual possession if she has the substance on her person or within easy reach and convenient control. A person who is not in actual possession has constructive possession if she has the power and intention at a given time to exercise dominion or control over the substance either directly or through another person or persons. Possession may also be sole or joint. If one person alone has possession of a substance, possession is sole. If two or more persons share possession of a substance, possession is joint.