— (Bold Line) 100 Acre tract subject in 1950 to Original Restriction

\\\\ Property Sold to Johnson for proposed development

°°° Portland West Subdivision

STATE of Missouri, Plaintiff–
Respondent,

v.

Charline WEBSTER, Defendant–
Appellant.

No. 63437.

Missouri Court of Appeals,
Eastern District,
Division Three.

Jan. 18, 1994.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Feb. 23, 1994.

Henry W. Cummings, St. Charles, for defendant-appellant.

Jermiah (Jay) Nixon, Atty. Gen., Joanne E. Beal, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

PUDLOWSKI, Judge.

Defendant appeals from a judgment based on a jury verdict finding her guilty of stealing $150 or more and of being a prior and persistent offender.

On December 22, 1990, a plain clothes security guard for Famous–Barr Company observed the defendant coming down the main aisle of the Northwest Plaza Famous–Barr's upper level. The security guard's attention was drawn to the defendant because she was carrying "crunched in, torn and folded" old Famous–Barr shopping bags. She observed the defendant enter the woman's accessories department. The defendant then proceeded to take items off the racks and drop them into the bags while she continued to watch the positions of the salespersons. The items included gloves, hats, a scarf, umbrellas and earmuffs. The total value of the items exceeded $355.

After gathering the items defendant went to the salesperson at the cash register and made an exchange of two pairs of gloves for a hat. The security guard observed defendant remove all of the items without payment prior to her exchange. Famous–Barr's return policy is that it is not necessary to have a paid receipt to return an item. Because of this policy, the defendant was able to make the exchange and receive a refund document for the difference between the price of the gloves and the hat. The security guard stood next to the defendant while this transaction took place and saw the defendant fill out the refund slip, sign the same as Rita Brown and received a merchandise refund for the difference in value for the items. At that time defendant did not pay for any of the other items in the bag. She left the department and proceeded through the cosmetic department and began to step upon the down escalator. At that time the security

person identified herself and requested the defendant to come to the security office. Defendant identified herself as Charline Thomas.[1] A search of the shopping bags revealed the aforementioned items. A search of her handbag revealed no paid receipts for the purchase of any items. The refund document was found in her hand.

The jury found the defendant guilty and the court sentenced her to five years imprisonment.

■ The defendant appeals the judgment alleging four points of trial court error. We set out defendant's first point verbatim.

The trial court erred in allowing into evidence a return slip signed by Ms. Brown which was not authenticated by either defendant Charline Webster, the clerk who allegedly received the return slip,[2] nor the record custodian. Since the return slip was only authenticated by a security guard who allegedly observed the transaction but did not participate in the transaction, the return slip was improperly authenticated and the trial court erred in allowing it into evidence.

After the security guard testified she had seen the defendant transact the exchange of the purloined items, the state asked the witness if she would identify state exhibit 3. She affirmatively replied and identified it as the refund document which the defendant signed as Rita Brown in her presence. No objection was elicited at that time. When the state offered the exhibit the defendant objected. The reasons given were that it said Teresa Brown, and because "the document was presented to the clerk and the security person is not a clerk and she is not the clerk who it was presented to. So, I'm not clear that she [security guard] had firsthand knowledge to establish that it was, in fact, presented." The objection was overruled.

The evidence revealed that the security person was present when the defendant signed the document and that same document was in her hand when the security person searched her in the security office. The evidence further revealed that identical document was substantially in the same condition as at the time of the arrest.

We are unaware what error the trial court is alleged to have committed. If the defendant was objecting to the alleged difference in the first name of Brown, the court did not err. There was no evidence that the refund document read Teresa Brown. In fact, on re-cross examination, the security person identified the name on the refund slip as Rita Brown. If the error was for the failure to properly establish the refund document as a business record, the defendant failed to properly object to the admittance of the document as hearsay. The trial court did not err. Point denied.

Defendant's points two and three complain about two instructions. Neither point sets out the instructions in the argument portion of her brief. Such omission is in violation of Supreme Court Rule 30.06(e). Points two and three denied.

■ Defendant's fourth point alleges that the trial court erred in failing to sustain her motion for acquittal at the close of the state's case and at the close of all the evidence.

■ The standard in cases involving challenges based on sufficiency of the evidence to support a criminal conviction is the standard set out in *State v. Dulany,* 781 S.W.2d 52 (Mo. banc 1989). The rule in *Dulany* is as follows:

On review, the court accepts as true all of the evidence favorable to the state, including all favorable inferences drawn from the evidence, and disregards all evidence and inferences to the contrary.... In reviewing a challenge to the sufficiency of the evidence, appellate review is limited to a

---

1. This is the second time that she misidentified herself. Upon further investigation it was determined that the defendant was **Charline Webster.**

2. Although the defendant refers to the document as a return slip, the piece of paper was described by the security person as a refund document and marked and received as the state's exhibit 3.

determination of whether there is sufficient evidence from which a reasonable juror might have found the defendant guilty beyond a reasonable doubt.

*Id.* at 55. In reviewing the facts under this standard, our function is not to weigh evidence but merely to decide whether the evidence was sufficient under the reasonable juror standard. *State v. Weide,* 812 S.W.2d 866, 869 (Mo.App.W.D.1991); *State v. Dusso,* 760 S.W.2d 546, 547 (Mo.App.W.D.1988).

The crime of stealing $150 or more, a class C felony, involves appropriation of the property of another without his/her consent and for the purpose of permanently depriving him/her thereof. Section 570.030, RSMo 1986. There was sufficient evidence for a conviction in the present case in that a reasonable juror could have concluded that defendant committed the crime.

First, the evidence clearly showed that Famous–Barr did not consent to defendant's taking of its property. Second, defendant appropriated the property of Famous–Barr when she concealed the items by placing them in her shopping bags. Further, her intent to permanently deprive the store of its property can be inferred from the fact that she transacted an exchange and obtained a merchandise refund with property that she had never purchased, and the fact that she did not attempt to pay for the other items while she was at the cash register making the exchange or other cash register stations located on her way to the escalator. Finally, the value of the property recovered from her shopping bags was worth in excess of $150.

Defendant asks this court to reweigh the evidence. As noted above, the function of this court is not to weigh evidence. Examining the evidence in the light most favorable to the state, it is clear that each element of the crime is supported by sufficient evidence. The testimony of the state's witnesses indicated that defendant appropriated over $150 worth of property from Famous–Barr with-

out its consent and with the purpose of permanently depriving it thereof.

Defendant asserts that the state has the burden of proving that she did not have the right to use the property in the bags and carry them around prior to paying for it. This is not the issue. As noted above, the state was required to prove and did prove that she concealed the items and that she had the intent to permanently deprive the store of these items. Defendant also contends that she may have intended to do other shopping before paying for the items at another register. There is absolutely no evidence in the record to support such a notion.[3] Further, the function of this court is not to reweigh evidence but rather to accept as true the evidence consistent with the verdict and to disregard all contrary inferences. *State v. Dulany,* 781 S.W.2d at 55; *State v. Weide,* 812 S.W.2d at 869. Defendant's assumption and assertion regarding her intent to continue shopping and pay for the items at a later time must therefore be disregarded. For these reasons, appellant's fourth point denied.

Judgment affirmed.

SIMON, P.J., and KAROHL, J., concur.

---

3. The defendant nor any one on her behalf testi-    fied.