**STATE of Missouri,
Plaintiff-Respondent,**

v.

**Anthony WREN, Defendant-Appellant.**

**No. 63485.**

Supreme Court of Missouri,
Division No. 1.

Jan. 11, 1983.

Kevin C. Curran, St. Louis, for defendant-appellant.

John Ashcroft, Atty. Gen., John C. Reed, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

GUNN, Presiding Judge.

Defendant's appeal from his conviction for second degree murder and life imprisonment sentence raises two points of alleged trial court error: (1) failing to declare a mistrial by reason of the prosecutor's summation comments on defendant's criminal record; (2) submitting MAI–CR2d 3.58 at the behest of the state, as it served to highlight defendant's record of convictions. We find no reversible error and affirm the judgment.

From the evidence, the jury could find the following beyond a reasonable doubt: The defendant and the victim, Melvin Crawford, were neighbors living across the street from each other in north St. Louis.

On the fateful day, Crawford and his fiancee, Vickie Gunn, had run various errands and purchased a couple of bottles of soda and a few items of food—tripe and french fries. When they reached Crawford's home in early afternoon, Crawford indicated to Ms. Gunn that defendant owed him $20 and that he was going to collect it. Crawford went to defendant's house and demanded the money owed him. An argument ensued outside with defendant using his finger to poke Crawford's back or shoulder once or twice. Defendant was seen to go back into the house and return outside with both hands behind his back. As Crawford stood facing him with both hands occupied in holding the sacks of food and soda, defendant brought forward a large butcher knife and plunged it deeply into the chest of Crawford. The wound was fatal. The entire incident was witnessed by Ms. Gunn and another person, who was sitting in a parked auto at the front of defendant's house.

Defendant's version of the event was that he had been peeling potatoes when Crawford approached him in an extremely bellicose manner. Crawford's comments to defendant became strident and vituperative, and, according to defendant, Crawford attacked him with a broken bottle and cut him on the hands and under the chin. To prevent further harm to himself and to "get him off me," defendant averred that he had been forced to wield the butcher knife, which he acknowledged had a 12 to 13 inch blade. While Crawford's mortal wound was being administered to at a hospital, defendant was treated with bandaids and mercurochrome for a superficial cut on one hand, allegedly caused by Crawford's swinging bottle.

During the trial, defendant took the witness stand on his behalf and on direct examination admitted conviction for certain crimes. Cross-examination revealed several additional convictions not initially mentioned.

Defendant's first point on appeal relates to the prosecutor's closing argument in which reference was made to the prior convictions. Primary emphasis is made to the following:

> The Court tells you that someone who's convicted of crimes like this, that you take that into consideration in credibility, and they tell you that for good reason. And why is it? Because he's a lawbreaker, he's broken the law in the past.
>
> Now what—I mean, it's more than just stealing, it's more than just committing a crime. When you break the law, you violate people's rights. When you burglarize, you go into somebody's house or business.
>
> MR. CURRAN [Defendant's counsel]: I'm going to object to this line of argument.
>
> THE COURT: I'll sustain the objection.
>
> MR. CURRAN: Ask the jury be instructed to disregard.
>
> THE COURT: The jury is instructed to disregard.
>
> MR. SULLIVAN [Circuit attorney]: We are talking about someone who's broken the law. What does that oath mean to them? And the Court tells you and warns you that that oath is not going to mean very much.
>
> MR. CURRAN: Judge, I object to that line of argument.
>
> THE COURT: I'll sustain the objection.
>
> MR. CURRAN: Misleading. And ask the jury to be instructed to disregard.
>
> THE COURT: The jury is instructed to disregard that.

And, again:

> And he says, I spent a lot of time, you know, on cross-examination, on his prior convictions. It's true, I did. He has enough of them. He's been convicted, convicted, folks, four or five times. And you know what? He doesn't even remember when. You know these dates mean nothing to him. What sort of person is that? I mean, if you are convicted of a crime, if you are going to try to rehabilitate yourself, aren't you going to remember, aren't those things going to mean something to you, being convicted?

If you were going to be the kind of person who's going to try to turn themselves around to try to be a good citizen on the street, to try to be a good neighbor, you would remember those things.

MR. CURRAN: I'm going to object to this line of argument; improper. I ask the jury to disregard.

THE COURT: The objection is sustained. The jury is instructed to disregard this.

Defendant argues that the foregoing statements fall within the "professional car thief" type of characterization condemned in *State v. Stockbridge,* 549 S.W.2d 648, 651 (Mo.App.1977), were unrelated to his credibility and amounted to argument that present guilt and harsher punishment should be predicated upon past convictions, a practice of the sort condemned in *State v. Tiedt,* 357 Mo. 115, 206 S.W.2d 524 (1947).

■ First, it is noted—and conceded—that defendant received all the relief requested. Therefore, defendant's case must stand on the basic proposition that the trial court committed plain error in failing to impose the drastic remedy of mistrial. Jury admonition generally cures the prejudicial effect of prosecutorial comment. *State v. Davison,* 601 S.W.2d 623, 627 (Mo.1980). A mistrial is to be employed sparingly as a remedy; and the trial court possesses the best coign of vantage to assess the prejudicial effect of prosecutorial remarks. *State v. Morris,* 639 S.W.2d 589, 593 (Mo. banc 1982); *State v. Harris,* 622 S.W.2d 330, 335 (Mo.App.1981).

■ Second, the trial court is vested with broad discretion in controlling argument of counsel. Substantial latitude is allowed in summation, and when manifest injustice is the standard of review, Rule 29.12(b), improper argument will justify reversal only if its effect is decisive on the jury's determination; and the defendant is saddled with the burden of demonstrating such effect. *State v. Newlon,* 627 S.W.2d 606, 616 (Mo. banc 1982); *State v. Murphy,* 592 S.W.2d 727, 733 (Mo. banc 1979). When a defendant testifies in his own behalf, his testimony is subject to argument on credibility, the same as any other witness. *State v. Harris,* 622 S.W.2d at 337.

■ The prosecutor's comments in this case regarding defendant's prior record are not particularly fulsome. Certainly, they do not require the drastic measure of a mistrial when considered in light of the above indited precepts of trial court discretion in controlling argument, of the latitude accorded closing argument, of the decisive effect upon the jury, and in view of the fact that defendant's objections were sustained and the jury instructed to disregard the remarks.

Reference to the defendant as a lawbreaker in this instance was supported by the evidence, and the comment on his character did not pose the same problems as were involved in *Stockbridge* and *Tiedt.* By testifying, defendant had placed his character for truthfulness on the line; and, relevant to his credibility, it is to be noted that it took cross-examination to bring out certain prior offenses that direct examination had failed to disclose.

Defendant urges that the trial court erred in submitting MAI–CR2d 3.58, which instructs on unrelated crimes going to the matter of impeachment. He suggests that the instruction highlights prior convictions, and amounts to further prosecutorial comment. He also argues that the instruction should be given only at the request of the defendant.

■ The instruction in this case precisely followed MAI–CR2d 3.58. Its use is proper and does not specifically direct attention to prior convictions but goes only to the matter of credibility—appropriate in the situation in which the defendant has testified acknowledging prior convictions. Section 491.050, RSMo 1978; *State v. Everett,* 448 S.W.2d 873, 878 (Mo.1970). Furthermore, MAI–CR2d 3.58, if the circumstances dictate, is to be given if requested by either party—not just the defendant. *State v. Williams,* 632 S.W.2d 266 (Mo.App. 1982).

Judgment affirmed.

RENDLEN, C.J., and BILLINGS, J., concur.

DONNELLY, J., not participating: