**STATE of Missouri, Plaintiff–
Respondent,**

v.

**Harry HERRON, Defendant–Appellant.**

No. 18502.

Missouri Court of Appeals,
Southern District,
Division Two.

Oct. 8, 1993.

Raymond L. Legg, Office of the State Public Defender, Columbia, for defendant-appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., John M. Morris, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

GARRISON, Judge.

After being convicted by a jury, Harry Herron (Defendant) was sentenced to five years' imprisonment for distribution of a controlled substance in violation of § 195.211, RSMo Supp.1990.

Defendant does not challenge the sufficiency of the evidence that led to his conviction.

His sole point on this appeal is that the trial court erred in denying his request for a mistrial when the prosecutor stated in closing argument that Defendant was "the scum of the earth." He also alleges in the same point that "because the trial court failed to promptly and unequivocally instruct the jury to disregard the remark, the remark had the imprimatur of the trial court."

In May 1990, the Springfield, Missouri Police Department was conducting an undercover drug operation. They were assisted by Dale Goodrich, who had been arrested for possession of a controlled substance and had agreed to act as an informant. During the operation, an undercover narcotics officer and Goodrich made the purchase of crack cocaine which resulted in Defendant's conviction in this case.

At Defendant's trial, his counsel commented, during closing argument, on the fact that Goodrich had not been called as a witness. The following occurred during the prosecutor's final argument:

[PROSECUTOR] The bottom line is that Dale Goodrich didn't come in and testify, and that's absolutely right. That's right. That's what's called misdirection. Don't look at my client over here, look over here at the snitch, he's a bad guy.

It'd be nice if I could bring my friend Father Mark to come in here and testify that he talked to Mr. Herron and set up a drug deal, or Mother Teresa would come in here and get on the stand and say that he [sic] set up this drug transaction, or—I'm Catholic, that maybe some of the alter [sic] boys from Immaculate Conception come in here and get on the stand and tell you that Harry Herron did a drug transaction. But you know what? Those are the kind of people that engage in drug deals, folks. It's not that way. It's not that way.

And when you paint Dale Goodrich with that paint brush be careful, because when you clean the brush you get some on yourself. Mr. Herron is the scum of the earth, granted, but—

[DEFENSE COUNSEL] Your Honor, objection, he just called my client the scum of the earth.

[PROSECUTOR] I'm sorry. Mr. Goodrich—

[DEFENSE COUNSEL] I'm going to ask for a mistrial, Judge.

THE COURT: Well, I'll overrule the request for a mistrial.

[PROSECUTOR] Inadvertent remark. Mr. Goodrich, Dale Goodrich, the snitch, I'm not here to tell you can take him home and let him marry your daughter. But I am here to tell you that's the kind of guy that's involved in the drug culture. Okay?

There's an old Ozark saying that says if you lay with dogs you get fleas. What kind of person associates—or persons associate with people like this and engage in narcotics transactions? One of them is sitting here in court today. That's the kind of people that do that.

.    .    .    .    .

Like I say, it'd be nice if we could bring somebody in here who has a clean-cut, sterling reputation. But these people just don't work that way....

■ It is settled law that a mistrial is a drastic remedy and should be used only in those circumstances in which no action short of a mistrial would remove the prejudice claimed. *State v. Hubbard*, 659 S.W.2d 551, 558 (Mo.App.1983); *State v. Harris*, 622 S.W.2d 330, 335 (Mo.App.1981). Generally, an admonition to the jury can cure the prejudicial effect of prosecutorial comment. *State v. Wren*, 643 S.W.2d 800, 802 (Mo.1983). In the instant case, the only relief sought by Defendant was a mistrial. Even though he complains of the trial court's failure to instruct the jury to disregard the remark, he did not make that request. If he had done so, the court could have considered other corrective action, but a mistrial should be granted only when the incident is so grievous that the prejudicial effect can be removed in no other way. *State v. Cuckovich*, 485 S.W.2d 16, 24 (Mo. banc 1972).

■ The granting of a mistrial rests within the sound discretion of the trial court and is not necessarily required for every instance of improper argument by a prosecutor. *State v. Hubbard*, 659 S.W.2d at 558. The trial court, by virtue of having had the opportunity to observe the incident precipitating the request for mistrial, is in a better position than an appellate court to determine the prejudicial effect. *State v. Anderson*, 698 S.W.2d 849, 852–853 (Mo. banc 1985); *State v. Wren*, 643 S.W.2d at 802. In the instant case, as soon as Defendant objected, the prosecutor apologized and explained that the remark was inadvertent. This explanation was apparently accepted by the trial court. The prosecutor's comments immediately following that exchange also made it clear that he was referring to Mr. Goodrich rather than Defendant. In *State v. Turnbull*, 403 S.W.2d 570 (Mo.1966), our Supreme Court held that an improper remark in closing argument by the prosecutor did not require a mistrial where no other epithetical language was used and there was an apparently good-faith retraction of the remark.

■ The trial court has "wide discretion in controlling argument and its rulings will be reversed only for abuse of discretion where the argument is plainly unwarranted and clearly injurious." *State v. Harris*, 622 S.W.2d at 337. *See also*, *State v. Hutchinson*, 458 S.W.2d 553, 556 (Mo. banc 1970); *State v. Hubbard*, 659 S.W.2d at 558; *State v. Hoskins*, 569 S.W.2d 235, 236 (Mo.App.1978); *State v. Kimmins*, 514 S.W.2d 381, 382 (Mo.App.1974). The improper argument must have had a "decisive effect on the jury's determination" to warrant a reversal. *State v. Parker*, 856 S.W.2d 331, 333 (Mo. banc 1993). Our review of the record in the instant case does not indicate that the comment complained of had such an effect, and we are unable to conclude that the trial court abused its discretion in refusing to declare a mistrial under these facts.

The judgment of the trial court is, therefore, affirmed.

FLANIGAN, P.J., and CROW, J., concur.