STATE of Missouri, Appellant,

v.

Leonard CLOVER, Respondent.

No. 78672.

Supreme Court of Missouri,
En Banc.

June 25, 1996.

Jeremiah W. (Jay) Nixon, Attorney General, Joanne E. Joiner, Assistant Attorney General, Jefferson City, Missouri, for Appellant.

Joel J. Schwartz, St. Louis, Missouri, for Respondent.

COVINGTON, Judge.

The state appeals from an order sustaining Leonard Clover's motion for a mistrial with prejudice. Defendant's motion followed a question asked of him by the state on cross-examination. The court of appeals dismissed the appeal by opinion, finding that double jeopardy attached. This Court granted transfer. Reversed and remanded.

The state charged defendant with possession of a controlled substance as a prior and persistent offender. § 195.202, .285, RSMo1994. Testimony at trial indicated that Detective Timothy Hedrick conducted periodic surveillance of defendant's residence from February 8, 1994 to February 14, 1994. Detective Hedrick testified that during this time period he observed "heavy pedestrian traffic" entering and exiting the address, a traffic pattern that is consistent with the sale of controlled substances in "abuse levels," or small dosages for personal use. Following his most lengthy surveillance on February 14, the detective obtained a search warrant that he executed, along with several other officers, on February 16.

Upon entering the residence, the officers found defendant Clover and Terri Sue Allen. The detective testified that a search of the premises uncovered several items of drug paraphernalia along with a paper bindle containing 0.6 grams of cocaine in a dresser drawer. Detective Hedrick testified that he read defendant his rights and defendant indicated he understood them. He further testified that defendant then told him that the items recovered, including the cocaine, belonged to him and not Terri Sue Allen. He also told him that there was no more cocaine in the apartment.

Defendant testified that he thought the items recovered in the search had been confiscated by police in a search of his home three years earlier. Although he did not disclaim ownership of the drugs and paraphernalia, he testified that he did not know that the items were still in his possession. He claimed that the items were found by police in an army duffel bag kept in his basement and then moved by police to the bedroom where they were found. Defendant believed that his former wife had placed the contraband in the duffel bag and left it, along with his other possessions, for him to pick up when he moved from the couple's home. He testified that at the time he believed the duffel bag contained only hunting equipment; he never attempted to verify this belief by opening the bag to see what was in it.

On cross-examination, defendant again denied any knowledge of the presence of the

confiscated items. The prosecutor then asked the following question:

> Q: And isn't it true that during the two weeks previous to February 8th of 1994 you were selling cocaine for a hundred dollars a gram to a number of people at 4300 Oregon [defendant's residence]?
>
> A: No, that's not true.

Immediately following defendant's answer, the trial court sustained counsel's objection and instructed the jury to disregard. After a hearing, the trial court sustained defendant's motion for mistrial with prejudice finding that the question was deliberately asked in order to "bolster an extremely weak case."

On appeal the state contends that the trial court erred in excluding testimony regarding defendant's alleged prior sales of controlled substances. The state also asserts that the trial court erred in ordering a mistrial with prejudice because double jeopardy did not attach following defendant's motion. *Oregon v. Kennedy,* 456 U.S. 667, 676, 102 S.Ct. 2083, 2089–90, 72 L.Ed.2d 416 (1982).

■ The first issue is the question of admissibility of testimony regarding specific instances of conduct relating to other crimes or wrongs committed by defendant that are unrelated to the crime with which he is charged. This Court has long held that evidence of the commission of separate and distinct crimes is generally not admissible for the purpose of showing that the defendant has a propensity to commit such crimes. *State v. Reese,* 364 Mo. 1221, 1226, 274 S.W.2d 304, 307 (Mo. banc 1954). When not properly related and logically relevant to the crime at issue, the introduction of other crimes evidence violates the defendant's right to be tried only for the offense for which he is charged. *Id.* Exceptions to the general rule of exclusion, however, are as well established as the rule itself. *Id.* Evidence of uncharged crimes and prior misconduct of a defendant is admissible

> if the evidence is logically relevant, in that it has some legitimate tendency to establish directly the accused's guilt of the charges for which he is on trial . . . and if the evidence is legally relevant, in that its probative value outweighs its prejudicial effect.

*State v. Bernard,* 849 S.W.2d 10, 13 (Mo. banc 1993) (citing *State v. Sladek,* 835 S.W.2d 308, 311 (Mo. banc 1992), and *State v. Mallett,* 732 S.W.2d 527, 534 (Mo. banc), *cert. denied,* 484 U.S. 933, 108 S.Ct. 309, 98 L.Ed.2d 267 (1987)). Evidence is logically relevant when it tends to establish, for example, motive, intent, the absence of mistake, a common scheme or plan, or the identity of the person charged with the commission of the crime. *Bernard,* 849 S.W.2d at 13. Similarly, evidence of uncharged misconduct may be admitted to demonstrate defendant's knowledge of particular facts, giving inference of defendant's awareness of his or her commission of the crime charged. *See, e.g., State v. Cheesebrew,* 575 S.W.2d 218, 223 (Mo.App.1978); *State v. Steward,* 844 S.W.2d 31, 35 (Mo.App.1992).

■ To sustain a conviction for possession of a controlled substance under section 195.202, "the State must prove (1) conscious and intentional possession of the substance, either actual or constructive, and (2) awareness of the presence and nature of the substance." *State v. Purlee,* 839 S.W.2d 584, 587 (Mo. banc 1992); *see also* § 195.010(33) ("[A] person, with the knowledge of the presence and illegal nature of a substance, has actual or constructive possession of the substance."). During his testimony, defendant denied that he intended to possess the cocaine found in his bedroom. He also claimed that he was not aware of the fact that the cocaine was still present in his home. Instead, defendant testified that he believed the cocaine recovered by police, along with the paraphernalia, had been confiscated during a search of his home some three years earlier.

It cannot be said that the question posed to defendant was not logically relevant. The state was compelled to prove, beyond a reasonable doubt, that defendant was aware of the presence and nature of the cocaine. On direct examination, defendant stated that he did not know that he was still in possession of the cocaine and paraphernalia recovered from the search of his home. The state's question on cross-examination was, therefore, relevant to rebut defendant's assertion of his

ignorance that the cocaine was present. If it were determined that defendant was conducting a drug selling operation from his home in the days immediately preceding his arrest, it would be highly unlikely that defendant was unaware of the presence of the cocaine. *See Steward,* 844 S.W.2d at 35. The inquiry had a legitimate tendency to establish directly defendant's guilt of the crime charged.

■ The admissibility of the question, then, turns on its legal relevance. The determination of legal relevance, the balancing of the probative value of the proffered evidence against its prejudicial effect on the jury, rests within the sound discretion of the trial court. *Bernard,* 849 S.W.2d at 13. "Whether the requisite degree of relevancy exists is a judicial question to be resolved in the light of the consideration that the inevitable tendency of such evidence is to raise a legally spurious presumption of guilt in the minds of the jurors." *Reese,* 364 Mo. at 1226, 274 S.W.2d at 307.

Arguing for admissibility, the state relies primarily on *Cheesebrew,* 575 S.W.2d at 222–23. *Cheesebrew* presented the question of whether the trial court abused its discretion in admitting testimony that marijuana had been seen in defendant's trailer one week prior to his arrest for possession of a controlled substance. *Id.* at 223. The court first found that the evidence of prior possession was logically relevant in that it had a legitimate tendency to demonstrate that defendant had knowledge of the controlled substance found in a search of his residence. *Id.* The court further held, properly, that the trial court did not abuse its discretion in admitting the evidence of prior possession. "[C]onsidering the fact that defendant denied any knowledge that marijuana was concealed in his trailer we cannot say that the court abused its discretion in admitting the questioned evidence." *Id.*

The state's argument disregards the standard of review. In the present case, as in *Cheesebrew,* review is for abuse of discretion. The standard of review affords great deference to the trial court's assessment of whether evidence is legally relevant. The propriety of the trial court's ruling is a close question in this case and is decided as a matter of deference to the trial court's superior position to consider and understand the circumstances within the trial. The question undoubtedly had some prejudicial effect. Nevertheless, had the trial court failed to sustain the objection, this Court would not conclude on defendant's appeal that the trial court erred in permitting the question. Just as the *Cheesebrew* trial court was not charged with error for admitting similar evidence, the trial court here cannot be charged with error for determining that the prejudicial effect of the testimony outweighed its probative value.

■ This Court must next decide whether the trial court erred in ordering a mistrial. "A mistrial is a drastic remedy, granted only in extraordinary circumstances." *State v. Parker,* 886 S.W.2d 908, 922 (Mo. banc 1994), *cert. denied,* —— U.S. ——, 115 S.Ct. 1827, 131 L.Ed.2d 748 (1995). The remedy must be used sparingly. A jury admonition "generally cures the prejudicial effect of prosecutorial comment." *State v. Wren,* 643 S.W.2d 800, 802 (Mo.1983). Because the trial court is in a better position to observe the proffered evidence and its impact, however, the granting of a mistrial rests within its sound discretion. Appellate review is for abuse of discretion. *Parker,* 886 S.W.2d at 922. Given the standard of review, although this Court may not have granted a mistrial under the circumstances of the present case, it cannot be said that the trial court abused its discretion in determining that the prejudicial effect of the evidence required the order for mistrial.

■ It remains to determine whether the court erred by ordering the mistrial with prejudice, thereby barring the state from retrying the defendant. The Double Jeopardy Clause of the United States Constitution bars retrial if the trial court grants a mistrial without the defendant's request or consent. *State v. Tolliver,* 839 S.W.2d 296, 299 (Mo. banc 1992). Generally speaking, however, the clause does not bar retrial when the defendant requests, or consents to, the mistrial. *Id.* "Where such a mistrial occurs, the defendant's right to a particular tribunal

is *not* implicated unless governmental or judicial conduct was intended to 'goad' the defendant into requesting or consenting to a mistrial." *Id.* (citing *Kennedy*, 456 U.S. at 676, 102 S.Ct. at 2089). By itself, prosecutorial misconduct, even if sufficient to justify a mistrial on defendant's motion, "does not bar retrial absent intent on the part of the prosecutor to subvert the protections afforded by the Double Jeopardy Clause." *Kennedy*, 456 U.S. at 675–76, 102 S.Ct. at 2089. The dispositive issue, then, is whether defendant's motion for mistrial was motivated by prosecutorial conduct that was intended to provoke the defendant to request the mistrial. The effect of the question, as distinguished from the intent of its asking, is irrelevant in this inquiry. Instead, the court must make a finding of fact, "[i]nferring the existence or nonexistence of intent from objective facts and circumstances" that surround the proceedings. *Id.* at 675, 102 S.Ct. at 2089.

On the record before this Court, and by the plain reading of the trial court's order, it is apparent that the prosecutor's question was not intended to provoke the defendant to request a mistrial. During the hearing subsequent to defendant's motion, the trial court repeatedly reiterated its belief that the prosecutor asked the question to "bolster" the state's case. In support of this observation, the court commented on the inexperience of the assistant prosecutor, who was trying only the second felony trial of her career. At one point during the colloquy the trial court stated, "I am not saying that she acted with the specific intent to goad Mr. Schwartz into requesting mistrial. But that is the effect that it had." In its written order the court stated that the question was asked by the state in "an attempt to bolster an extremely weak case.... It was the belief of this Court that the question was deliberately asked, thus resulting in the request for a mistrial."

The requisite intent to provoke the defendant to ask for a mistrial cannot be found in this case. Nowhere does the trial court indicate that, by asking the question, the prosecutor intended to goad the defendant into moving for a mistrial. Effect without intent is insufficient. Although the question was intentionally asked, and may have had prejudicial effect on the proceedings against defendant, without a finding of an intent to provoke the defendant to request a mistrial there is no basis for declaration of a mistrial with prejudice.

The trial court's judgment is reversed, and the cause remanded for further proceedings.

All concur.