**STATE of Missouri, Appellant,**

v.

**Nathan WALKER, Respondent.**

**No. ED 83175.**

Missouri Court of Appeals,
Eastern District,
Division One.

March 16, 2004.

Andrea Kaye Spillars, Charnette D. Douglass, Jefferson City, MO, for appellant.

Sue C. Speers, St. Charles, MO, for respondent.

MARY R. RUSSELL, Judge.

The State of Missouri ("State") appeals from a judgment granting Nathan Walker's ("Defendant") motion for a mistrial with prejudice. State asserts the trial court erred in granting Defendant a mistrial with prejudice, rather than a mistrial, when one victim invoked her Fifth Amendment[1] right not to testify. State argues double jeopardy did not attach and retrial should not be prohibited in that the prosecutor did not intend to provoke a mistrial. We agree and reverse and remand.

Defendant was charged with one count of domestic assault in the second degree and one count of domestic assault in the third degree as to his wife, Danielle Walker ("Wife"). He was also charged with one count of domestic assault in the second degree and one count of domestic assault in the third degree as to his mother, Gwenette Walker ("Mother"). Defendant was charged as a prior and persistent offender. The Information stated that Defendant attempted to cause physical injury to Wife and Mother by means of choking and strangulation. It further recited that Defendant committed domestic assault by knowingly causing offensive physical contact with Wife and Mother.

Defendant and Wife had been living at Mother's residence. Wife testified against Defendant at his jury trial on these charges. State also called Mother to testify. During direct examination, Mother answered the prosecutor's questions regarding her name, her address, the members of her household, and her relation to Defen-

dant. She also identified Defendant. When prosecutor asked Mother if she was ever awakened by an incident between her son and his wife, Mother responded that she was pleading the Fifth Amendment.

After the court determined that Mother had the right to invoke the Fifth Amendment, Defendant's counsel moved for a mistrial. Defense counsel indicated that State had advised her the day before trial that Mother would be invoking her Fifth Amendment rights. Defense counsel alleged that State had "put [Mother] up on the stand to take the [Fifth] Amendment privilege in the presence of the jury." She stated that doing so "raise[d] a specter of victim or witness tampering for [Defendant]" and was "wholly improper."

The prosecutor acknowledged that Mother had informed her that she planned to take the Fifth if she was put on the stand, and that she was "very sketchy with regard to what she recall[ed] about the incident" involved in the case. The prosecutor stated that she had explained to Mother that she could only plead the Fifth Amendment if she believed her testimony might be self-incriminating. The prosecutor stated that she had "no expectation" Mother would invoke her Fifth Amendment rights when she was called to testify.

The court took Defendant's request for a mistrial under consideration after expressing its displeasure that the prosecutor had failed to inform it of Mother's indication that she wished to plead the Fifth. The court indicated that it should have had the opportunity to appoint Mother counsel and interview her outside the presence of the jury before she took the stand.

The prosecutor asserted that she had a good faith basis to believe Mother would

1. U.S. CONST. amend. V.

not invoke the Fifth Amendment on the stand, and the court indicated that it believed her assertions that she had not intentionally caused a wrong. The prosecutor further stated that she "was in no way attempting to goad defense counsel into asking for a mistrial." She argued that her intent was to have Mother testify relating to the elements she needed to prove to the jury, not to cause her to invoke the Fifth Amendment.

Defendant's counsel countered that it was "disingenuous" for the prosecutor to assert she did not believe Mother would invoke her Fifth Amendment right not to testify because Mother had "repeatedly failed to make herself available to the State and to the defense." Defendant's counsel requested the court grant Defendant a mistrial *with prejudice* because she believed the State made a "calculated move . . . to put [Mother] on the stand [to] get her to say she's pleading the [Fifth]."

The court stated that it "[did] not believe that [the prosecutor] did that with malice but it did occur[,]" and it granted Defendant a mistrial with prejudice for the counts relating to Mother.[2] State now appeals.

■ "A mistrial is a drastic remedy, granted only in extraordinary circumstances." *State v. Clover*, 924 S.W.2d 853, 856 (Mo. banc 1996) (citing *State v. Parker*, 886 S.W.2d 908, 922 (Mo. banc 1994)). It is a remedy the trial court should use sparingly because prejudicial effects of prosecutorial comment can usually be remedied by jury admonition. *Id.* (citing *State v. Wren*, 643 S.W.2d 800, 802 (Mo. 1983)). The trial court has the ability to grant a mistrial within its sound discretion because it can best observe the impact of

any proffered evidence or prosecutorial comments. *Id.* Our review of a granting of a mistrial is only for abuse of discretion. *Id.*

■ If a mistrial is granted with prejudice, the state will be barred from retrying the defendant for those counts for which he was granted a mistrial. *See id.* The Double Jeopardy Clause prevents retrial only if the trial court grants a mistrial without the defendant's request or consent, but it will generally not bar retrial if the defendant requests or consents to a mistrial. *Id.* (citing *State v. Tolliver*, 839 S.W.2d 296, 299 (Mo. banc 1992)).

■ "If a defendant requests a mistrial, double jeopardy will bar retrial only if the request is motivated by governmental conduct which is intended to provoke the defendant into moving for a mistrial." *State v. Jones*, 919 S.W.2d 12, 14 (Mo.App. 1996) (citing *Oregon v. Kennedy*, 456 U.S. 667, 676, 102 S.Ct. 2083, 72 L.Ed.2d 416 (1982)). Provocation of a mistrial can be found where " 'governmental or judicial conduct [is] intended to 'goad' the defendant into requesting or consenting to a mistrial.' " *Clover*, 924 S.W.2d at 856–57 (quoting *Kennedy*, 456 U.S. at 675–76, 102 S.Ct. 2083). Prosecutorial misconduct alone is insufficient to bar retrial unless the prosecutor intended " 'to subvert the protections afforded by the Double Jeopardy Clause.' " *Id.* at 857, 102 S.Ct. 2083 (quoting *Kennedy*, 456 U.S. at 675–76, 102 S.Ct. 2083). "The dispositive issue, then, is whether defendant's motion for mistrial was motivated by prosecutorial conduct that was intended to provoke the defendant to request the mistrial." *Id.* The trial court must make an objective finding of fact to determine the intent of the State.

---

**2.** The court ordered the trial to continue on the counts related to Wife, and Defendant was

subsequently found guilty of those counts.

*Jones,* 919 S.W.2d at 14 (citing *Kennedy,* 456 U.S. at 675, 102 S.Ct. 2083).

We find *State v. Clover* to be factually similar to this case. *Clover,* 924 S.W.2d 853. In *Clover,* the same judge ordered a dismissal with prejudice where the State asked a question on an uncharged crime while cross-examining the defendant. *Id.* at 855–56. After a hearing, the judge granted the defendant a mistrial with prejudice because she thought the state had asked the question to "bolster an extremely weak case." *Id.* at 855. Our Supreme Court reversed the entry of the dismissal with prejudice, finding that the State did not intend to provoke the defendant to request a mistrial. *Id.* at 857. The court held that without a finding of the requisite intent to provoke the defendant to request a mistrial, there was no basis on which to grant the defendant a mistrial with prejudice. *Id.* The court held that even if prosecutorial conduct had the effect of causing the defendant to request a mistrial, "[e]ffect without intent [was] insufficient" to warrant a mistrial with prejudice. *Id.*

 In this case, Defendant's counsel argued at trial that State put Mother on the stand "solely to goad the defense into requesting a mistrial[.]" The court found: "I do not believe that [the prosecutor] did that with malice but it did occur...." The court granted Defendant a mistrial with prejudice on two of the four counts against him.

We find that the judgment granting a mistrial with prejudice was in error in light of the court's comment that the prosecutor did not act with malice in calling Mother to testify. The record does not reflect any finding by the trial court that State intended to provoke a mistrial by calling Mother to the stand. The court's statement that the prosecutor did not act "with malice" implies that she did not act to intentionally provoke a mistrial. While the prosecutor's action of calling Mother to testify resulted in a mistrial, we cannot find any evidence of the prosecutor's intent to cause Defendant to request a mistrial. As in *Clover,* "[e]ffect without intent is insufficient." *Clover,* 924 S.W.2d 853, 857.

 Without a finding of intent to provoke a mistrial, the trial court cannot declare a mistrial with prejudice. *Id.* The trial court's judgment granting Defendant a mistrial with prejudice as to counts II and IV is reversed, and the cause is remanded for further proceedings.

GARY M. GAERTNER, SR., P.J., and ROBERT G. DOWD, JR., J., concur.