# IN THE SUPREME COURT OF THE STATE OF NEVADA

THE STATE OF NEVADA,
Appellant,
vs.
ARNOLD WILLIAMS, JR.,
Respondent.

No. 71059

FILED

NOV 29 2017

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court order granting a mistrial with prejudice. Eighth Judicial District Court, Clark County; Kenneth C. Cory, Judge.

Respondent Arnold Williams, Jr., had taken his cousin's car before the same car was involved in a hit-and-run accident near the cousin's home. The car purportedly entered an intersection against a red light and struck a motorcyclist. The driver of the car left the scene of the accident, and the motorcyclist died from his injuries.

Detective Karl Tomaso of the Las Vegas Metropolitan Police Department served as the primary detective in this case. After speaking with witnesses at the scene of the collision, he learned that the car involved in the accident was found nearby, a few houses away from Williams cousin's house, and suspected Williams to be the driver. Detective Tomaso relied, at least in part, on an anonymous tip that Williams drove the car at the time of the collision.

The State charged Williams with leaving the scene of an accident and unlawful taking of a vehicle, and the case proceeded to trial. Detective Tomaso took the stand on the fourth day of trial. During cross-examination, Williams' counsel asked Detective Tomaso whether an

17-41081

identified witness claimed that the driver was female.[1] This prompted the prosecutor for the State to seek a mistrial. The district court denied the State's request because it found that Williams had a good-faith belief that the answer would be affirmative. Thirteen minutes later,[2] during redirect examination, the State asked Detective Tomaso if he had received an anonymous tip identifying Williams as the driver.[3] Before Williams' counsel could object, the detective answered, "Yes."

Williams' counsel asked for a mistrial due to a perceived Confrontation Clause violation. The State responded that its question was not offered for the truth of the matter asserted, but to demonstrate why the detective focused on Williams as the sole suspect. The district court asked for supplemental briefing on the issue and paused the trial until the next day.

The next morning, the parties renewed their arguments. Ultimately, the district court granted Williams' motion for a mistrial due to an incurable Confrontation Clause violation, finding that the violation existed whether or not the statement was hearsay. The district court so found because (1) identity was the ultimate issue in the case; (2) the

---

[1]Specifically, Williams asked, "Did [the witness] report to you or did you believe – she believe that the driver had been a female, correct?"

[2]The bench conference where the district court denied the State's request for a mistrial ended at 2:40 p.m., and the bench conference where Williams asked for a mistrial began at 2:53 p.m.

[3]Specifically, the State asked, "In addition to finding documents in the vehicle with the Defendant's name on it, did you receive information from an anonymous source in regard to the Defendant being the driver of the vehicle?"

testimonial statement, whether offered for its truth or not, answered the ultimate question; and (3) Williams had no opportunity to defend against it. The mistrial, however, was without prejudice.

Williams filed a motion to reconsider the decision, arguing that the mistrial should be with prejudice. At the conclusion of the hearing on Williams' motion, the district court determined that the violation was too big, and despite no bad faith on the part of the State, the district court felt compelled to bar retrial in this case. Specifically, the district court found that the State violated Williams' Confrontation Clause rights, it knew or should have known that its question was such a violation, and the State's question was objectively "tantamount to goading" Williams into asking for a mistrial.

## DISCUSSION

*A district court has the authority to grant a mistrial with prejudice.*

The State argues that Nevada law does not allow a trial court to grant a mistrial with prejudice. We disagree.

Although it appears that we have not previously used the term "mistrial with prejudice," we have recognized that trial courts have the power to dismiss criminal charges with prejudice. *See State v. Babayan*, 106 Nev. 155, 171, 787 P.2d 805, 818 (1990). We conclude that this is a distinction without a difference, therefore, a trial court has the authority to grant a mistrial with prejudice when appropriate.

Many states have recognized the power to dismiss charges with prejudice to include mistrials with prejudice. *See, e.g., State v. Walker*, 130 S.W.3d 18, 21 (Mo. Ct. App. 2004) (indicating a trial court may grant a mistrial with prejudice under the Double Jeopardy Clause); *State v. Catch The Bear*, 352 N.W.2d 637, 640 (S.D. 1984) (granting a mistrial with

prejudice was an inappropriate punishment when the prosecutor's conduct was erroneous but not necessarily intentional). In *Walker*, the Missouri Court of Appeals followed *Oregon v. Kennedy*, 456 U.S. 667 (1982), and its progeny to determine whether a district court may grant a mistrial with prejudice in a case where a criminal defendant asks for a mistrial. 130 S.W.3d at 21-22. We have followed *Kennedy* and its progeny when analyzing whether a district court may dismiss criminal charges with prejudice under the Double Jeopardy doctrine. *See, e.g., Melchor-Gloria v. State*, 99 Nev. 174, 178, 660 P.2d 109, 111-12 (1983).

As such, Nevada trial courts have the power to declare a mistrial with prejudice, thereby barring re-prosecution, when appropriate. *The district court did not abuse its discretion in granting the mistrial with prejudice because the State's improper conduct could reasonably be seen as goading Williams into requesting a mistrial.*

The State argues that not only was its question proper, but that the district court abused its discretion when it concluded that the State intentionally goaded Williams into seeking a mistrial. We disagree and conclude that the district court did not abuse its discretion.

A trial court's decision to order a mistrial is reviewed for abuse of discretion and is afforded substantial deference in determining whether a mistrial is warranted. *Glover v. Eighth Judicial Dist. Court*, 125 Nev. 691, 703, 220 P.3d 684, 693 (2009).

The Double Jeopardy Clause provides that "[n]o person shall . . . be subject for the same offence to be twice put in jeopardy of life or limb." U.S. Const. amend. V; *see also* Nev. Const. art. 1 § 8(1); *Hylton v. Eighth Judicial Dist. Court*, 103 Nev. 418, 421, 743 P.2d 622, 624 (1987).

Generally, the State is allowed one, and only one, opportunity to force a defendant to stand trial. *Hylton*, 103 Nev. at 421, 743 P.2d at 624. When defense counsel requests and is granted a mistrial, however, the State is typically not precluded from retrying the case. *Melchor-Gloria*, 99 Nev. at 178, 660 P.2d at 111. The exception to this rule, which would preclude the State from retrying a case, is where the prosecutor attempted to provoke or goad the defendant into moving for a mistrial. *Id.* at 178, 660 P.2d at 112; *see also Oregon v. Kennedy*, 456 U.S. 667, 687 n.21 (1982) (Stevens, J., concurring) (equating goading with provoking).

We recently adopted a three-prong test to determine whether double jeopardy bars the State from retrying a defendant following a mistrial it caused. *Thomas v. State*, 133 Nev., Adv. Op. 63, ___ P.3d ___ (2017). The factors to be considered are whether:

> 1. Mistrial is granted because of improper conduct or actions by the prosecutor; and

> 2. such conduct is not merely the result of legal error, negligence, mistake, or insignificant impropriety; but, taken as a whole, amounts to intentional conduct which the prosecutor knows to be improper and prejudicial, and which he pursues for any improper purpose with indifference to a significant resulting danger of mistrial . . . ; and

> 3. the conduct causes prejudice to the defendant which cannot be cured by means short of a mistrial.

*Id.* (quoting *Pool v. Superior Court*, 677 P.2d 261, 271-72 (Ariz. 1984)).

Supreme Court
OF
Nevada

(O) 1947A

Courts should apply objective factors when applying the second prong, including

> the *situation in which the prosecutor found himself,* the evidence of actual knowledge and intent and any other factors which may give rise to an appropriate inference or conclusion. [A trial court] may also consider the prosecutor's own explanations of his "knowledge" and "intent" to the extent that such explanation can be given credence in light of the minimum requirements expected of all lawyers.

*Id.* (emphasis added) (quoting *Pool*, 677 P.2d at 271 n.9).

Violations of the Confrontation Clause undoubtedly fall within the category of "improper and prejudicial." The Confrontation Clause bars the introduction of testimonial, out-of-court statements when the defendant cannot confront the declarant in court. *Crawford v. Washington*, 541 U.S. 36, 68-69 (2004). However, the Confrontation Clause is not violated by statements offered for a purpose other than the truth of the matter. *Id.* at 59 n.9. Evidence that is otherwise inadmissible as hearsay and goes directly to guilt, when offered for a non-hearsay purpose, must be necessary for its non-hearsay purpose. *United States v. Hinson*, 585 F.3d 1328, 1337 (10th Cir. 2009) ("Where the government introduces evidence that bears on the ultimate issue in a case but that is not necessary to explain the background of a police investigation, the only reasonable conclusion we can reach is that the evidence was offered, not as background, but as support for the government's case against the defendant.").

Though the State claims the question was asked to explain why the investigation focused on Williams, the evidence previously presented at trial made mention of the anonymous tip extraneous—all of the evidence presented by the State purported to show why the investigation focused on

Williams. Because the State's question went to the sole issue determining guilt and was not necessary to establish why Detective Tomaso conducted the investigation in the manner he did, it was presented for the truth of the matter asserted. As such, the Confrontation Clause bars such a hearsay statement.

The district court in this case stated that it did not believe that the State acted in bad faith. However, it found that the State's question was an "egregious violation of the Confrontation Clause" and "objectively tantamount to goading the Defense Counsel into having to ask for a mistrial." The State's knowledge of its question's impropriety can be inferred from the fact that their entire case went to the question of identity—establishing why Williams was the focus of the investigation—and this made mention of the anonymous tip only further useful for establishing the defendant's guilt. Similarly, the district court's finding of the State's intent to goad is supported by the fact that less than 15 minutes after the district court denied the State's request for a mistrial due to an alleged improper defense question, the State asked a similar type of improper question on redirect examination, prompting Williams to then ask for a mistrial.

When read within context, one could reasonably infer that the State asked its question either in retaliation for Williams' earlier question, or to force Williams to ask for a mistrial less than 15 minutes after the district court denied the State's similar request. Accordingly, we conclude that the district court did not abuse its discretion when it found that the State objectively goaded Williams into seeking a mistrial.

## CONCLUSION

The district court did not abuse its discretion by finding that the State's "question [was] objectively tantamount to goading the Defense Counsel into having to ask for a mistrial." Accordingly we

ORDER the judgment of the district court AFFIRMED.

_____, C.J.
Cherry

_____, J.
Douglas

_____, J.
Gibbons

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Stiglich

PICKERING, J., concurring:

I concur in the result only.

_____, J.
Pickering

cc:  Hon. Kenneth C. Cory, District Judge
     Attorney General/Carson City
     Clark County District Attorney
     Mueller Hinds & Associates
     Eighth District Court Clerk